## RODGERS ET AL. *vs.* ABERCROMBIE ET AL., ADM'RS.

[MOTION TO DISMISS APPEAL.]

1. *Appeal to supreme court; to what term returnable.*—An appeal to the supreme court should be made returnable to the next ensuing term of said court, after the appeal is perfected by the giving of security for costs of the appeal as required by the statute.
2. *Same; when will be dismissed.*—An appeal taken during the session of the court after the commencement of the term, which is made returnable to the then pending term, will be dismissed on motion of appellees.

This was a motion to dismiss the appeal in this case. The motion was made at the January term, 1872, the transcript in the cause having been filed on the 24th day of January. The opinion seems to have been delivered at the January term, 1872, although it is marked June term, 1872.

W. H. BARNES, for motion.

———  ———, *contra.*

PETERS, J.—The appellants move the court to dismiss the appeal in this case, because the record shows that the appeal was taken on the 12th day of January, 1872, and made returnable to the present term of the court, instead of the next ensuing term after the allowance of the appeal.

The right to an appeal is absolute, and it may be taken at any time within two years from the rendition of the

Rodgers et al. v. Abercrombie et al., Adm'rs.

judgment or decree from which the appeal is taken.—Rev. Code, §§ 3485, 3508. And this right may be exercised on any day of the whole period of two years, within which an appeal is not barred by the statute of limitations, except, perhaps, on Sunday. When the appeal is demanded and security for the costs is given, as required by law, then the right of the appellant is perfected.—Rev. Code, §§ 3509, 3492. When the appeal is taken before the term of the court, in vacation, and the citation is not executed on the appellee ten days before the commencement of the court, the cause will not stand for trial until the next succeeding term.—Rev. Code, § 3498. But there is no express statute specifically directing to what term an appeal shall be taken, or forbidding that it shall be taken to a pending term. Yet the section of the Code directing how the transcript of the record shall be prepared and sent to the clerk of this court, requires that it shall be made and delivered to the appellant or his attorney, "in time to be returned to the next term of the supreme court."—Rev. Code, § 3492. Besides, the citation and notice of appeal is required to be "made returnable to the next term of the supreme court."—Rev. Code, § 3488. These directions, which are peremptory, would be nugatory and useless, unless we construe the legislative meaning to be, that the appeal also is to be made returnable to the next ensuing term of the supreme court after it is granted and security for costs is given and approved, as required by law.— *Willingham v. Harrell,* 34 Ala. 680. I confess that I yield with a very great reluctance to this conclusion, but the logic of fair interpretation compels it. It is the opprobrium of justice, that any cause should be dismissed from court without a trial upon its merits. But as courts do not make law, but only administer it, such results are sometimes unavoidable. Governed by these views, the motion of appellees must be allowed.

Let the appeal be dismissed out of this court.