# Rhea's Adm'r *v.* Rhea's Heirs.

## *Motion to dismiss Appeal.*

1. *Appeal; when barred.*—Merely claiming an appeal and executing an appeal bond, does not suspend the operation of the statute limiting appeals; unless the appeal is prosecuted within the time allowed, by filing the transcript or obtaining an order docketing the cause, the appeal is barred.

2. *Revised Code,* § 3512; *construed.*—The act now forming section 3512 of the Revised Code was not intended to suspend the operation of the statute limiting appeals, but merely to prevent the discontinuance of appeals, by mere operation of law, for failure to file the transcript or obtain an order docketing the cause at the term to which the appeal was returnable, and perhaps to authorize affirmance on certificate at a subsequent term, within the period during which the appeal could be prosecuted.

APPEAL from Probate Court of Cherokee.

[Rhea's Adm'r v. Rhea's Heirs.]

This was a motion to dismiss the appeal in this case, upon a statement of facts set forth in the opinion.

AIKEN & WALDEN, for the motion.

WATTS & WATTS, *contra.*

BRICKELL, C. J.—The appeal was taken, returnable to the January term, 1875, of this court, but the transcript was not filed until the following June term, nor was there an order directing the cause to be docketed, or any other in reference to it. The decisions prior to the statute of February 16, 1867, now § 3512 of the Revised Code, had settled the failure to file the transcript at the term to which the appeal was returnable, or to obtain an appropriate order docketing the cause, operated a discontinuance. The appeal thereby became a nullity, and this court was without jurisdiction over it.—*Carleton v. Goodwin,* 41 Ala. 153, and cases cited. The statute of February 16, 1867, declared in effect that no undecided appeal to the supreme court, shall be treated as discontinued, unless the appellee shall have moved for a discontinuance, after legal cause of discontinuance has occurred. The purpose of this statute was, we suppose, to modify the rule to which we have referred, and to require a motion for a discontinuance, and action thereon by the court, before the appeal would lose entirely its vitality. A further purpose may have been to authorize an affirmance on certificate at a term subsequent to that at which the appeal was returnable, if the appeal was not duly returned.

This appeal is taken from the decree of the court of probate rendered on the final settlement of the appellant as administrator. An appeal from such a decree must be taken within six months after its rendition. When the transcript was filed, and the appeal returned into this court, more than twelve months had elapsed from the rendition of the decree, and the bar of the statute was perfect. The claiming of an appeal, and the execution of an appeal bond, if the appeal is not prosecuted to the term to which it is returned, can not operate to postpone or suspend the operation of the statute limiting appeals. Suing out judicial process, within the bar of the statute of limitations, operates a suspension of the statute. To have this effect, however, the process must be duly returned and connected with the immediate process subsequently issuing, which is executed.—*Baskins v. Wilson,* 6 Cow. 471. When a plaintiff seeks to avoid the operation of the statute because of having commenced suit within its bar, he must not have been guilty of *laches* in its prosecution and

no chasm in the proceedings must have been caused by his default.—*Richards v. Maryland Insurance Company*, 8 Cranch 84. The purposes of § 3512, were those we have mentioned— the prevention of the discontinuances by mere operation of law and authority for the affirmance of judgments on certificate at a term subsequent to that to which the appeal was returnable. It was never intended to suspend the operation of the statute limiting appeals. If the appeal is not prosecuted within the prescribed period, it is barred. The whole office of the statute refers to appeals on which the statute of limitations does not operate.

The appeal must be dismissed,