# Sears *v.* Kirksey.

*Motion to Dismiss Appeal for Failure to File Transcript.*

1. *Failure to file transcript during term.*—The failure to file the transcript, during the term to which the appeal is taken, does not, of itself, operate a discontinuance of the appeal (Code, § 3953); but it is legal cause of discontinuance, on motion made with due diligence after the transcript has been filed at the next term. (*Rhea v Rhea*, 54 Ala. 68, explained and modified ; *Webb v. Robbins*, 77 Ala. 176, declared misleading in the second paragraph of the opinion.)

APPEAL from the Circuit Court of Greene.

The appeal in this case was dismissed on motion of appellee. The facts are stated in the opinion.

W. P. WEBB and J. B. HEAD, for appellant.

T. W. COLEMAN and J. P. McQUEEN, *contra.*

(No briefs came to the hands of the Reporter.)

STONE, C. J.—This is a motion to dismiss the appeal, made December 16, 1886—the day on which the transcript was filed, and the cause docketed. No previous motion or proceedings in the cause had been had or moved for in this court.

On October 20, 1885, Kirksey recovered a money judgment against Sears, from which the latter prayed and

obtained an appeal to this court, and entered into a supersedeas bond; all bearing date November 12, 1885. The bond specifies no day or term of this court to which the appeal was made returnable. It was therefore returnable to the next term of this court, which commenced its session December 1, 1885.—*Rogers v. Abercrombie*, 48 Ala. 466; 3 Brick. Dig. 36, § 57. That term of the court ended, by operation of law, July 31, 1886.

Before February 18, 1867, appeals to this court, if no transcript was filed, and no action taken in them in this court, expired with the term to which they were taken, and became *functus*. There were several methods by which the abatement could be prevented; but, if nothing was done, the abatement was complete.—*Carleton v. Goodwin*, 41 Ala. 153; 29 Rule of Practice in Supreme Court, Code of 1876, 158. The act approved February 18, 1867—Sess. Acts, 547—changed this rule. That act is § 3953 of the Code of 1876. It declares, that such appeal shall not be "deemed or treated as discontinued, or as having otherwise lost its force, unless the appellee shall duly move for a discontinuance, after legal cause for discontinuance has occurred." The change wrought by this statute would seem to be, that whereas, before its enactment an appeal thus conditioned would abate or expire of its own inertia ; under its provisions no such result would follow, unless duly moved for, after legal cause therefor had supervened. In the one case, the abatement took effect in the absence of any action or motion; in the other, it requires a motion to obtain its advantages.

In the case of *Rhea v. Rhea*, 54 Ala. 68—decided in February, 1876—the act of 1867—Code, § 3953—was considered; and on its authority the appeal in that cause was dismissed. The appeal was from a judgment or decree of the Probate Court, the statutory bar of which was six months. It was, by its terms, returnable to the January term, 1875; but the transcript was not filed until the following June term, nor was there an order directing the cause to be docketed, or any other in reference to it. At that time this court held two terms; January and June of each year. The appeal was dismissed, on motion of the appellee. That case was brought directly within the statute, and within the rule as modified by the statute. The failure to file the transcript, or to take other action in the cause during the term to which the appeal was taken, furnished cause for abatement, and the motion brought the case within the requirements of the statute. The appeal was, therefore, properly dismissed.

[Winthrow & Gordon v. The Woodward Iron Company.]

In the case of *Rhea v. Rhea*, the transcript was not filed in this court until more than six months had elapsed after taking the appeal, and twelve months after the judgment was rendered from which the appeal was prosecuted. Six months, we have seen, was the statutory bar to an appeal in that case. In the opinion of the court these facts are stated. We have shown above that a failure to file the transcript does not, *per se*, furnish ground for abatement, unless the failure continues throughout the entire term to which the appeal is taken, and unless there is a failure to procure the docketing of the cause, and an order for *certiorari*, or of continuance. We make no mention, in this connection, of the appellee's clear right to have an affirmance on certificate, unless a sufficient showing is made against it. If *Rhea v. Rhea* is understood as affirming that a failure to file the transcript in this court, within the time allowed for taking the appeal, is itself sufficient ground for abatement, whether the term to which it is taken has expired or not, this opinion must be taken as an explanation, or modification of what is there said.

And the case of *Webb v. Robbins*, 77 Ala. 176, while correct in all it decides, and on all the questions raised by the record, is yet probably imperfect and misleading in one of its paragraphs—the second in the opinion. In that case, the transcript was filed during the term to which the appeal was taken, and hence the question we have been considering was not presented.

The motion to dismiss the appeal must be sustained.