# Street *v.* Street.

*Bill in Equity by Executor to Remove Administration of Decedent's Estate from Probate into Chancery Court.*

1. *Appeal; motion to dismiss; rule of practice.*—Under the rule of practice in the Supreme Court, requiring transcripts to be filed by noon "of the first day of the first week during which such case is subject to call," and authorizing a dismissal for failure to so file it, on motion of appellee "made not later than the next Thursday," an appeal will not be dismissed because no transcript was filed during the first week, on motion made long after the "next Thursday," the transcript having been filed during the term.

[Street v. Street.]

2. *Same; failure to file abstract.*—In the exercise of a liberal discretion this court will not dismiss an appeal for failure to file an abstract in time for the submission of a cause at the call of the proper division, when the motion to dismiss comes several months after the call and after appellant has prepared, printed and filed an abstract.

3. *Same; irregularity of bond.*—An appeal will not be dismissed for irregularity in the bond, when the motion does not specifically point out the irregularity; the failure to do so being treated as a waiver thereof.

4. *Same; sufficiency of bond.*—A bond, given on appeal from a decree of the chancery court which uses the word "judgment" for "decree" and "defendant" for "complainant," when it clearly appears that the decree intended to be appealed from was one against appellant, is sufficient to support the appeal.

5. *Same; sufficiency of prayer.*—The prayer for an appeal from the chancery court which is addressed to the register, after stating the title of the cause, and which describes the decree appealed from as one of the chancellor "on confirming the report of the register on reference had in this cause in which the claim of A. J. Street, claimant, is disallowed," is not subject to objection upon motion to dismiss.

6. *Same; certificate of appeal.*—A motion to dismiss an appeal for defects in the certificate will not be granted when the motion does not point out the particular defects; its failure to do so being treated as a waiver.

7. *Same; transcript.*—On appeal from a decree disallowing a claim against an estate removed into the chancery court, it is not necesary to set out in the transcript any more of the record than that which pertains to the particular claim disallowed.

8. *Evidence; transactions with or statements by deceased person.* Under the provisions of section 2765 of the Code of 1886, as amended by Acts of 1890-91, p. 557, a creditor of an estate, although a party to a suit to remove the estate into the chancery court, is competent to testify as to transactions had with or statements made by the decedent in reference to the claim of another creditor in which the witness has no pecuniary interest.

9. *Exceptions to register's report; rule of practice.*—It is sufficient under rule 92 of chancery practice, when the register refuses to receive and write down legal testimony, to point out in the exceptions the rulings of the register rejecting such testimony.

10. *Reference to register; when erroneous ruling upon the evidence not error without injury.*—When the register erroneously excludes all evidence to establish a claim, basing his ruling upon the ground that there was a plea denying that the claim was presented within 18 months, and there was no evidence that it was, the error is not without injury, since the failure to put in such evidence may be ascribed to the fact that proof of the claim was excluded.

11. *Same; presentation of claim against estate; when not necessary to be proven.*—Where a bill filed by an executor, asking that the admin-

[Street v. Street.]

istration of the estate be removed into chancery, alleges the presentation of a certain claim, and makes it one of the grounds for such removal, and the court assumes jurisdiction, on a reference to the register to ascertain all valid claims, the holder of the claim referred to in the bill need not prove its presentation; its presentation or filing *vel non* not being an issue in the cause as between the executor and the claimant, and not a matter covered by the reference.

APPEAL from the Chancery. Court of Clay.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellee, J. C. Street, as the administrator of Merrit Street. The purpose of the bill and the parties thereto are sufficiently stated in the opinion.

The present appeal is prosecuted from a decree of the chancellor confirming the report of the register disallowing the claim of A. J. Street against the estate of complainant's testator, which was propounded and considered. The facts pertaining thereto are sufficiently set forth in the opinion. The cause was submitted in this court on its merits, together with a motion to dismiss the bill. The grounds of this motion are stated in the opinion. Under the second ground of said motion there are several causes assigned. The first was that there had not been filed a sufficient prayer for an appeal, or a sufficient bond to authorize it.

The prayer for appeal, which was addressed to the register, after a statement of the title of the case, was as follows: "A. J. Street prays an appeal from the decree of the chancellor on confirming the report of the register on reference had in this cause in which the claim of A. J. Street, claimant, is disallowed. This 29th day of August, 1895. C. A. Steed, Sol. for claimant." The bond which was filed therewith was as follows: "The State of Alabama. Clay County. In Chancery at Ashland, Ala. A. J. Street vs. J. C. Street, executor of the last will and testament of Merrit Street, deceased. Judgment in favor of the defendant for costs of suit, on, to-wit, the 5th day of March, 1895. We, Andrew J. Street, W. L. Black and J. W. Street, acknowledge ourselves security for all the costs of appeal taken by Andrew J. Street from said judgment in said cause. And we, each for ourselves, waive all right to exemptions on any of our personal property from levy and sale under execution or other process. Witness

[Street v. Street.]

our hands and seals, this 29th day of August, 1895. [Signed.] Andrew J. Street, (L. S.) ; W. L. Black, (L. S.) ; J. W. Street, (L. S.) Taken and approved 4th day of September, 1895. A. S. Stockdale, Register.''

Another one of the causes assigned under the second ground of the motion to dismiss the bill was, that there was no proper certificate made by the register and attached to the transcript. The certificate was as follows : ''The State of Alabama, Clay County. In Chancery at Ashland, Alabama. I, A. S. Stockdale, register in chancery in and for Clay county, State of Alabama, being the 12th District of the North-eastern Chancery Division of Alabama, hereby certify that the above and foregoing, from page 1 to 119, inclusive, is a true and correct transcript of the proceedings in said cause, as requested and called for by the solicitor of the appellant, A. J. Street, and of all the proceedings in the claim of the said A. J. Street against the estate of Merrit Street, deceased. Witness my hand and seal of office at Ashland Alabama, this, the 6th day of February, A. D. 1896. (Register's Seal.) A. S. Stockdale, Register.''

PEARCE & STEED, for appellants.

JOHN M. CHILTON and KNOX, BOWIE & DIXON, *contra.*
1. The appeal in this case, if any was taken, was taken on the 29th of August, 1895, the appeal bond was filed and approved on the 4th day of September, 1895, and the first call of the Seventh Division of the Supreme Court, after the taking of the appeal, was on the 8th of January, 1896. No transcript was filed until the 8th day of June, 1896, and the case was not docketed or continued and no action was taken in regard to perfecting the appeal until that time ; and a motion to dismiss the appeal was made for the reason that this transcript was not filed as provided by the rules of practice in the Supreme Court, found in the 28th Alabama Reports. This motion should be granted for this reason.—*Bayzer v. McMillan Mill Co.*, 105 Ala. 395 ; *Sears v. Kirksey*, 81 Ala. 98 ; *Winthrow v. Woodward Iron Co.*, 81 Ala. 100.
2. There is nothing from which this court can infer that there was an intention on the part of the claimant to take an appeal to the Supreme Court of Ala-

[Street v. Street.]

bama; such fact not being stated any where either in the bond or in the prayer for an appeal; and no time is specified, nor is any term named to which said appeal is returnable. All that the appeal shows on its face was that it was taken from a judgment in favor of the defendant for costs of the suit of *A. J. Street v. J. C. Street.* Another ground for the dismissal of the appeal is that there is no proper certificate made by the register attached to the transcript.

3. In filing exceptions to the report of the register or any part thereof, it should be the duty of the solicitor filing the same to note at the foot of each exception to conclusions of fact drawn by the register the evidence or parts of evidence he relies on in support of the exceptions with such designation and marks of reference as to direct the attention of the court to the same. Chancery Rule 93, page 827.

4. Exceptions not noted in accordance with the provisions of the above rule will be and should be overruled. *Mahone v. Williams*, 39 Ala. 202; *Mooney v. Walter*, 69 Ala. 75; *Vaughan v. Smith*, 69 Ala. 92; *Crump v. Crump*, 69 Ala. 156. Where the statute of non-claim is pleaded at law or in equity the burden of proving presentment lies on the creditor or party making the claim.—*May v. Parham*, 68 Ala. 253.

To constitute a sufficient presentation the nature and amount of the claim must be brought to the attention of the personal representative by some one authorized in law or fact to make the presentation, and the representative must be notified expressly or impliedly that the estate is looked to for payment.—*Smith v. Fellows*, 58 Ala. 467.

5. A presentment which will avoid the bar of the statute must be more than enough merely to excite the inquiry of the personal representative—it must give such information of the existence of the claim that it may be determined—assuming its validity—how far he can proceed safely in the administration of the estate as solvent; and if a mere statement of the claim is relied on as a presentment, that statement should describe the claim with such accuracy that it may be distinguished from all similar claims.—*Bibb v. Mitchell*, 58 Ala. 657; *Floyd v. Clayton*, 67 Ala. 265. It is indispensable not only that the claim should be brought to the attention and knowl-

22

[Street v. Street.]

edge of the executor or administrator, but this must be done by one having an interest in and a legal right to enforce its payment, and it must be evidenced by act or word which indicates an intention to look to the estate of the decedent debtor for its payment.—*Allen v. Elliott*, 67 Ala. 432; *McDowell v. Jones*, 58 Ala. 25.

6.   Where a witness is a party to the suit and is pecuniarily interested in the result thereof adversely to the objector, and where he is asked in reference to a transaction with the decedent whose estate is interested in the controversy, he is incompetent and there is no error in refusing to receive or note his testimony.

McCLELLAN, J.—J. C. Street, as executor of the last will of Merrit Street, deceased, filed this bill against A. J. Street, J. W. Street, R. Y. Street, and others as heirs and devisees or creditors, or both, of the said Merrit, praying that the administration of the estate of the decedent be removed into the chancery court, that the will be construed, that said R. Y. Street be enjoined from further intermeddling and interfering with the property of said estate ; that it be referred to the register to ascertain the valid claim against the estate, &c., &c.   The chancery court by formal decree assumed jurisdiction of said administration, and in due course referred it to the register "to ascertain all valid outstanding claims against the estate of the said Merrit Street, deceased." On the reference thus ordered, the claim of A. J. Street as an alleged creditor of said estate was propounded, considered and disallowed.   The report of the register to this effect was confirmed by the chancellor, and the present appeal is intended to bring under review that action of the chancery court.

Motion is made in this court to dismiss the appeal on the grounds : "1.  The alleged appeal was taken in this cause on, to-wit, August —, 1895, since which time this division of the Supreme Court was called, and no transcript of the cause was filed at the first call to which it could have been filed, and no abstract of the record printed and furnished the appellees' counsel at that time. 2.   No appeal has ever been taken in this cause."   The appeal, if taken, was to the November Term 1895–96, commencing the first Tuesday in November, 1895, and ending the last day of June, 1896.   The transcript was

[Street v. Street.]

filed during that term, that is, on June 8, 1896. At that time also the abstracts required by the rule were filed. This is, therefore, not a case like *Bayzer v. McMillan Mill Co.*, 105 Ala. 395 ; *Sears v. Kirksey*, 81 Ala. 98, and *Winthrow v. Woodward Iron Co.*, 81 Ala. 100, in which the transcripts were not filed until a term of the court succeeding that to which the appeal was taken ; and those cases are not authority in support of this motion.

The rule of this court which requires transcripts to be filed with the clerk by noon "of the first day of the first week during which such case is subject to call," does not authorize a dismissal of the appeal for a failure to so file the transcript, except upon motion of the appellee "made not later than the next Thursday." The appeal in this case was to a time antecedent to the week allotted to the division to which the case belongs in the first half of the term of 1895–96, and it was, therefore, subject to call during that week. The transcript was not filed by noon of the first day of that week, nor at all during the week ; but the appeal can not be dismissed on that ground because no motion was made to that end until long after the Thursday succeeding the day on which the record should have been filed. So that the rule in question does not aid the motion to dismiss this appeal. 89 Ala. XI.

This court has always exercised a liberal discretion in the enforcement of the rule requiring abstracts to be filed. This rule was violated by the appellant in not having prepared and printed his abstract in time for the submission of the cause when the Seventh Division was called in January, 1896. But the motion to dismiss on that ground would appeal much more strongly to us if it had been made at that time. Coming as it does several months later, and after the appellant has prepared, printed and filed a voluminous abstract, we are not inclined to a strict enforcement of the rule against him.

The second ground of the motion to dismiss the cause here, viz., that "no appeal has ever been taken in this cause," is also untenable. If it be true that the bond for costs of the appeal is irregular in that it refers to the decree intended to be appealed from as a "judgment in favor of defendant for costs of suit," it was clearly the right of the appellant to be informed by the motion— and more especially so when the submission thereon was

without argument disclosing the point of objection—in respect of the particular defects complained of, to the end that the bond might be amended or another substituted for it; and the failure of the motion to so direct attention to the infirmity objected to is a waiver thereof on the part of the appellee.—1 Encyc. Pl. & Pr. 1002.

Moreover, the bond in its present form is sufficient to support an appeal. Its use of the word "judgment" instead of the word "decree" would certainly not be vitiating. Its reference to the appellee as "defendant" in the court below where he was complainant is innocuous when it fully appears that the judgment intended to be appealed from was one against the appellant who is incorrectly put in the place of plaintiff or complainant below. And there was in fact a decree or "judgment" against the appellant, rendered on the day stated in the bond, "for costs of suit." From that decree A. J. Street had the same right of appeal as from one disallowing his claim; and it is in effect an appeal from the decree adjudging his claim invalid, since the disallowance of the claim and the awarding of costs against all parties whose claims were rejected, of whom A. J. Street was one, are but parts of one and the same decree.

The prayer for the appeal is in all respects regular, describing the decree appealed from as "the decree of the chancellor on confirming the report of the register on reference had in this cause, in which the claim of A. J. Street, claimant, is disallowed." And the citation covers this decree disallowing the claim of A. J. Street.

The objection now taken to the register's certificate to the transcript is in no way indicated in the motion to dismiss the appeal. Of course the certificate is amendable, and an appeal can not be dismissed for defects in it without opportunity to amend being given. The motion to dismiss as made was a waiver of any defects in the certificate, if any there were.

But we do not find the certificate open to the objections made in the brief of appellees' counsel. It was in nowise necessary for the transcript to contain the full record and proceedings of the court in this cause involving many matters wholly distinct from the issue as to the indebtedness of Merrit Street's estate to A. J. Street. It was only necessary that the transcript should set out

[Street v. Street.]

the record and proceedings of the court so far as they had reference to the claim of A. J. Street against the estate; and the register certifies that the transcript does contain such record and proceedings. If it does not, appellee should have asked for a *certiorari*. The motion to dismiss the appeal is denied.

On the reference held by the register, A. J. Street proposed to prove by J. W. Street certain transactions with or statements by the decedent going to show that the estate of the latter was indebted to A. J. Street; the precise offer being to show that this witness was present with A. J. and Merrit Street when a settlement was made between them and that upon that settlement Merrit was indebted to A. J. in a certain sum. Complainant objected to this testimony "on the ground that the witness was a party to the record in this cause, that Merrit Street was dead and his estate was interested in the result of this proceeding, and the question called for a transaction with him." This objection was sustained, and this and much other proposed testimony of like kind and effect was excluded by the register. The statute, in supposed obedience to which this was done, is in the following language: "In civil suits and proceedings, there must be no exclusion of any witness because he is a party or interested in the issue to be tried, except that no person having a pecuniary interest in the result of the suit, shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceedings, or when such deceased person, at the time of said transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed, or unless the testimony of such deceased person in the relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness; *Provided further*, that no person who is an incompetent witness under this statute shall make himself competent by transferring his interest to another." We are unable to see how the admission of the proposed testimony would have been violative of this statute. It is true that the witness, J. W. Street, was a party to the

record in this cause, but it is not true that he had any pecuniary interest in the result of the proceeding between the executor and A. J. Street opposed to the interest of the estate of Merrit Street, deceased. The witness, like A. J. Street, was a party to the record only as one who claimed to be a creditor of the estate of Merrit Street. If he had any interest at all, it was only as such creditor, and his claim in that capacity was entirely independent of that of A. J. Street. The success of A. J. Street could in no manner or degree aid the witness in the establishment of his alleged indebtedness against the estate. And more ; not only had he no interest in the issue being tried between complainant and A. J. Street, *opposed* to the interest of the party against whom his testimony is offered, but if he was interested at all upon that issue his interest is opposed to that of the party who called him as a witness, since, as there is a question whether the estate is solvent, the establishment of A. J. Street's claim, which is for a very large sum of money, might well result in forcing J. W. Street to share in a *pro rata* payment of the debts of the estate, instead of receiving payment in full as might be the case if A. J.'s claim were disallowed. Very clearly, we think, the case is not within the exception to the statute removing the disqualification of witness on account of interest, and the proposed testimony should have been received.

On the report of the register disallowing A. J. Street's claim coming before the chancellor for confirmation, the complaint of said Street was not that the register reached an erroneous conclusion on evidence before him, but that he refused to receive and consider the evidence offered by the claimant, and, not only so, but failed even to hear and set down the testimony thus rejected. There thus being no evidence, or not sufficient evidence of Street's claim, because of the register's erroneous ruling in excluding that to which we have adverted, and because of his unwarranted failure to set down the proposed testimony, it was not possible for the claimant to specify in his exceptions to the register's report the particular evidence relied on by him to overthrow that officer's conclusion of fact. He did not complain, indeed, of this conclusion of fact, and could not, since on the evidence admitted the conclusion was correct ; but of

the register's conclusion of law against admissibility of the testimony offered by him tending to support his claim against the estate. And with the report of the register, and the statement of the proceedings before him in this condition, the claimant could do no more by his exceptions to the report than to point out specifically, as he has done, the rulings of the register rejecting the testimony offered by him.

It is further insisted for appellees that the error of the register in rejecting the testimony referred to was without injury to the claimant, because there was a plea interposed on the reference denying that this claim had been presented or filed within eighteen months from the grant of letters testamentary, and he offered no evidence of such presentation or filing and hence that the register would have had to disallow the claim had all the proposed evidence been received. It would seem that this position is untenable in itself, since the proof of presentation of a claim would naturally and regularly, if not necessarily, come after proof of the existence of it ; and the evidence of the existence of this claim having been excluded by the register, the failure to offer evidence of its presentation is to be ascribed to that fact, and such failure is to be regarded rather as one of the injurious consequences of the register's erroneous ruling than as demonstrating that such ruling did not prejudice the complainant.

But aside from all that, the fact of presentation or filing of his claim is clearly averred in the bill, and is there made in effect one of the grounds for the removal of the administration into the chancery court. Presentation or filing vel non of the claim was, therefore, not an issue in the cause as between the executor and A. J. Street, the parties in interest to this appeal, nor a matter covered by the reference to the register. If all the legal testimony offered had been admitted, and sufficed to satisfy the register that A. J. Street's claim was a just one, he should have allowed it without any evidence that it had been seasonably filed or presented. Of course a different question would be presented if another creditor should raise the issue of presentation vel non, if the estate should prove insolvent.

The register erred in excluding the evidence to which we have adverted. The chancellor erred in affirming

the register's action in that regard, and confirming the report. The decree is reversed and the cause remanded. Reversed and remanded.