[Southern Ry. Co. v. Abraham Bros.]

# Southern Ry. Co. *v.* Abraham Bros.

### *Action for Damages to Stock.*

(Decided May 20, 1909.   49 South. 801.)

*Appeal and Error; Dismissal; Failure to File in Time.*—Where an appeal was taken on April 2, during the November term, 1907, it was returnable to this court on the first Monday after twenty days had elapsed since the date of taking.   (Sec. 2870, Code 1907). and where the cause was not docketed in this court nor the transcript filed until Dec. 14, 1908, the beginning of another term of this court, the appeal was not filed in time, and will be dismissed; the date fixed for the call of the division in which the case arose, next after the date of the appeal being beyond the twenty days from the taking of the appeal the cause should have been submitted at that call.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Abraham Bros., against the Southern Railway Company for damages to live stock.   Judgment for plaintiff and defendant appeals.   Appeal dismissed.

HUGH NELSON, for appellant.   The motion to dismiss the appeal comes too late.—*Martin Co. v. Miller,* 132 Ala. 629.   The fact that the exception to the portion of the oral charge was inserted does not affect the bill as it was originally.   In any event, this change was in accordance with the practice of the court, and under circumstances that made such action by  the  presiding judge a furtherance of justice, and the motion to strike should be overruled.—*Etheridge v. Hall,* 7 Port. 47. Counsel discuss assignments of error as to the main questions on the appeal together with citation of authority, but it is not deemed necessary to here set them out.

WILSON & MARTIN, for appellee.   The appeal should be dismissed on the grounds set forth in the motion.—

*Sears v. Kirksey,* 81 Ala. 98; *Withrow v. Woodward Co.,* 81 Ala. 100; *Brazier v. McMillan,* 13 South. 144; *Porter v. Martin,* 139 Ala. 318. Counsel also discuss motion to strike bill of exceptions with citation of authority, and also discuss the errors assigned on the main case, but it is not deemed necessary to set them out.

McCLELLAN, J.—This cause is submitted on motion to dismiss the appeal, motion to strike the bill of exceptions, and on the merits. We treat only the motion to dismiss the appeal.

From the certificate of the clerk it appears that the appeal was taken on April 2, 1908. The call of the docket of the Third division, as fixed by statute, was had on May 11, 1908. The appeal, having been taken during the November term, 1907, was returnable the first Monday beyond 20 days after April 2, 1908.—Code 1896, § 437; Code 1907, § 2870. The cause was not docketed in this court, nor the transcript filed here, until December 14, 1908, the beginning of the November term, 1908. The submission, on the part of the appellant, of the motion to dismiss the appeal, does not include any effort or showing to justify or excuse the delay in filing the transcript, but relies solely upon the law, and that as declared in *Martin Mach. Works v. Miller,* 132 Ala. 629, 32 South. 305. That decision dealt with an appeal effected in vacation, not during a term of this court, and *Martin Mach. Works v. Miller* is grounded, in authority, upon *Street v. Street,* 113 Ala. 333, 21 South. 138, where a like factor was present, and in deciding the question of dismissal vel non the court distinguished *Sears v. Kirksey,* 81 Ala. 98, 2 South. 90, and other decisions of that school, wherein the delay extended across vacation and into a succeeding term. The motion must be granted. The recent announcement and ruling made

[McNeill v. Atlantic Coast Line Ry. Co.]

in *Porter v. Martin,* 139 Ala. 318, 35 South. 1006, is conclusive on the question. The status there involved was practically identical with that here; and, after due consideration, we are unwilling to overrule *Porter v. Martin.* It is based upon many previous decisions of this court, and their unsoundness has not been made to appear to us.

The appeal is dismissed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.