# Nabors *v.* Brown, *et al.*

## *Trespass to Realty.*

(Decided January 16, 1912. 57 South. 374.)

1. *Appeal and Error; Filing Transcript; Delay; Dismissal.*—Where an appeal was taken September 10, 1910, and the transcript was not filed until November 21, 1911, after the adjournment of the 1910-11 term of the Supreme Court, there was such a delay in filing the transcript as will work a dismissal of a cause on motion of appellee filed the first day it could be considered, notwithstanding that since the submission an affidavit was filed averring that the transcript was not received from the clerk until after the adjournment of such term of the Supreme Court.

2. *Same; Excuse.*—An affidavit seeking to excuse delay in filing the transcript in this court should be filed before the submission of the cause.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by B. F. Nabors against R. T. Brown and others, for trespass to realty. Judgment for defendant and plaintiff appeals. Appeal dismissed.

RIDLE, ELLIS, RIDDLE & PRUET, for appellant. Counsel discuss the assignments of error on the merits and cite authority in support of their contention, but in view of the opinion it is not deemed necessary to set them out.

[Nabors v. Brown, et al.]

On the motion to dismiss counsel insist that the motion should be denied because of the affidavit filed, and on the authority of *Street v. Street,* 113 Ala. 333.

BRIDGES & OLIVER, and JOEL F. WEBB, for appellee. The appeal should be dismissed on the authority of *Sears v. Kirksey,* 81 Ala. 98; *Winthrow v. Woodward I. Co.,* 81 Ala. 100; *Porter v. Martin,* 139 Ala. 318. Counsel discuss the merits of the case with citation of authority, but in view of the opinion it is not deemed necessary to set them out.

SIMPSON, J.—It appears from the record that the appeal was taken on the 10th day of September, 1910, and the transcript was not filed until November 21, 1911, so that the entire term of this court, commencing November 14, 1910, passed before the case was placed upon the docket. The statute requires appeals taken in vacation to be made returnable to the next term of the Supreme Court, and under our decisions such appeal must be dismissed, on motion seasonably made, at the next ensuing term of the court.—*Winthrow & Gordon v. Woodward Iron Co.,* 81 Ala. 100, 2 South. 92; *Sears v. Kirksey,* 81 Ala. 98, 2 South. 90; *Porter et al. v. Martin et al.,* 139 Ala. 318, 35 South. 1006; *Southern Railway Co. v. Abraham Bros.,* 161 Ala. 317, 49 South. 801. Since the submission of this case, the appellant has filed an affidavit of his attorney, to the effect that he did not receive the transcript from the clerk of the court until after the adjournment of the last term of this court.

In addition to the fact that the affidavit should have been filed before the submission of the case, the case of *Street v. Street,* 113 Ala. 333, 21 South. 138, does not support the contention of the appellant, for the reasons

[A. P. Loveman & Co. v. Alabama, Tennessee & Northern R. R. Co.]

that, in that case, the transcript was filed before the expiration of the term to which it was returnable, and the motion to dismiss was not filed until after the time prescribed by statute, which facts are emphasized in the opinion of the court. In this case, the motion to dismiss was filed at the first day when it could be considered, to wit, at the first call of the division of the succeeding term of this court. In order to keep up the continuity of his appeal, the appellant should have had the case docketed and continued at the term to which the appeal was returnable.

The appeal in this case must be dismissed.

Appeal dismissed. All the Justices concur, save DOW-DELL, C. J., not sitting.