# Powell *v.* The State.

## *Perjury.*

(Decided June 19, 1912. Rehearing denied July 11, 1912. 59 South. 328.)

1. *Appeal and Error; Dismissal; Filing Transcript.*—Where the transcript is not filed in the Appellate Court during the term to which, under Section 2870, Code 1907, it was returnable, and no other action is taken by the appellant, the appeal is subject to dismissal on motion of the state under rule 41, Supreme and Appellate Court Practice, as it is the duty of the appellant to see that the transcript is forwarded by the clerk as required by Section 6255, Code 1907.

2. *Same; Discretion.*—Where the appellant does not offer any excuse or seek to justify his failure to have the transcript filed in time, the discretion against granting a motion to dismiss the appeal because the transcript is not filed in time will not be exercised.

3. *Same; Harmless Error; Evidence.*—Where the record is subsequently introduced, any error in admitting the original files in the civil suit in which it is alleged that the perjury was committed, was rendered harmless.

4. *Same; Presumption.*—It will not be presumed, for the purpose of putting the trial court in error, that in other portions of his charge, part of which is excepted to, the court failed to state defendant's side of the issue.

[Powell v. The State.]

5. *Perjury; Evidence.*—As a part of the record of a suit against defendant and his wife in which he is alleged to have committed the perjury, the wife's plea of coverture filed therein is admissible.

6. *Same; Sufficiency of Evidence.*—The positive testimony of a witness with evidence of incriminating statements by the defendant satisfies the rule that there cannot be a conviction of perjury on the evidence of one witness without strong corroborating circumstances.

7. *Trial; Exceptions; Sufficiency.*—Where a part of the oral charge set out and excepted to is correct, and the exception is to the foregoing portions of the oral charge and to each part thereof, it is not available, since the exception goes to the whole charge set out.

APPEAL from Dale Circuit Court.

Heard before Hon. MIKE SOLLIE.

Joe Powell was convicted of perjury and he appeals. Appeal dismissed.

J. E. Z. RILEY, for appellant. The court erred in permitting the original file in the civil suit to be introduced in evidence as the final record of the best proof.—*Smith v. The State,* 103 Ala. 69; *Williams v. The State,* 68 Ala. 555. So far as disclosed by the plea of coverture, it was filed in a different suit than the one named in the indictment, and hence, should not have been allowed.—*Jackson v. The State,* 61 Ala. 454; *Walker v. The State,* 96 Ala. 55; *McClerkin v. The State,* 105 Ala. 112. This is also true of the entire record. There was not sufficient evidence to authorize a conviction of perjury.—*Williams v. The State, supra; Peterson v. The State,* 74 Ala. 36; 30 Cyc. 1453. For this reason, the portion of the oral charge of the court which is excepted to was erroneous. On application for rehearing, counsel insists that the exception to the oral charge of the court was sufficient to raise the questions sought to be reviewed, and that therefore, the court was in error in its ruling on that point.—*Irwin's Case,* 50 Ala. 181; *Alston v. The State,* 109 Ala. 54.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. The appeal should be dismissed because not filed in the time required by section 2870, Code 1907.—Rule 41, Supreme and Appellate Court Practice; *So. Ry. Co. v. Abraham Bros.,* 161 Ala. 318; *Porter v. Martin,* 139 Ala. 318; *Martin Mach. Wks. v. Miller,* 132 Ala. 629. The clerk is required by section 6255, to prepare and forward the transcript, and it is the appellant's duty to see that he complies with this section, or to take some other steps to preserve his appeal, and failing to do so, the appeal should be dismissed.—Authorities supra. Any error in admitting the file in the civil case was cured by the admission of the final record in said cause.— *Williams v. The State,* 68 Ala. 551; *Smith v. The State,* 103 Ala. 57. The wife is never a competent witness for the husband.—*Lide v. The State,* 133 Ala. 43; *Johnson v. The State,* 47 Ala. 7. The parts of the oral charge excepted to when taken in their entirety are correct statements.—*Lacey v. The State,* 154 Ala. 65. The court properly refused the charges requested by the defendant.

PELHAM, J.—This case is submitted on the state's motion to dismiss the appeal, and on the merits. The record shows that the appeal was taken on April 21, 1911, during the 1910-11 term of the Supreme Court. The appeal was returnable on the first Monday of the term next after the expiration of 20 days from the date of the appeal (Code, § 2870), or on the first Monday after May 12, 1911. The appeal was not returned until April 4, 1912, after the expiration of the 1910-11 term of the court, and after the January call of the fourth division in 1912. It thus appears that the transcript was not filed, or other action taken by the appellant in the

court of review on appeal, during the term to which the
appeal was taken, and it is subject to dismissal on mo-
tion of the state.—*So. Ry. Co. v. Abraham Bros.*, 161 Ala.
317, 49 South. 801; *Porter v. Martin*, 139 Ala. 318, 35
South. 1006; *Martin Machine Works v. Miller*, 132 Ala.
629, 32 South. 305; *Winthrow & Gordon v. Woodward
Co.*, 81 Ala. 100, 2 South. 92; *Sears v. Kirksey*, 81 Ala.
98, 2 South. 90.

It is made the duty of the clerk in all criminal cases
to prepare and forward to the clerk of the appellate
court, within 20 days after the suspension of sentence
pending appeal, a full and accurate transcript of the
record, or, if time is given in which to prepare and have
signed a bill of exceptions, the transcript must be for-
warded within 20 days from the signing of such bill.—
Code, § 6255. The clerk is penalized for failure to per-
form this duty, but his failure to do so does not relieve
the appellant from the necessity of complying with the
requirements of the statutes and rules of the court. In
fact, it is the appellant's duty to see that the statutes
are complied with, and his appeal perfected in accord
with rules of the court. When a defendant has taken
an appeal within a year after his conviction, the steps
taken thereafter looking to perfecting the appeal, such
as the preparation and filing of the transcript, etc.,
must be done under the provisions of the statutes and
rules of the court, or else the appeal is not brought to
this court in such a way as to authorize its considera-
tion, and is subject to dismissal on motion.—Rule 41 of
the Supreme Court and Court of Appeals. See amend-
ed rule set out in 2 Ala. App. v, 56 South. vi. The ele-
ment of time is an essential ingredient in the proper
and orderly enforcement of the criminal laws, and, al-
though a defendant has 12 months in which to take an
appeal, it will hardly be contended that a defendant can

wait until 11 months after conviction and then take an appeal and be entitled to an additional year in which to perfect the appeal and file the transcript in this court. He must exercise his right within the year to take the appeal, and when taken the statutes and rules in reference to perfecting the appeal must be complied with.

On account of the gravity of the offense involved (the defendant having been convicted of perjury), we have carefully examined the record with a view of considering whether we would exercise our discretion in refusing the state's motion to dismiss on account of the merit of questions raised; and considering the fact also that there seems to have been no occasion for applying these statutes and rules in criminal cases recently, there may be, on that account, some argument in favor of showing leniency at this time in their application, which, however, will no longer exist after we have called attention to the consequences for the failure to comply with them. —See, also, *Lampley v. State,* 6 Ala. App. —, 60 South. 415.

The questions presented, considered on their merits, do not seem to us to show error that would require a reversal of the case. If it was error to admit the original file in the civil suit in which the defendant was charged with having sworn falsely, because the record was the best evidence, it was rendered harmless by following up the admission of these papers immediately by the introduction of the original report showing identically the same things.

The plea of coverture was sufficiently identified as having been filed in the case between one J. A. Jackson and the defendant and his wife, in which it was alleged the defendant had sworn falsely. The plea of coverture was part of the record in the case and was admissible as such, although not the plea of the defend-

ant, but of his wife. Its admission, even if not proper, could not be said to be prejudicial to the defendant. The final record of the case and the dockets of the court containing entries of the clerk relative to the case were properly admitted in connection with the testimony of the clerk.—*Smith v. State,* 103 Ala. 57, 15 South. 866; *Hannegan v. State, infra,* 59 South. 376.

The evidence offered by the state showing incriminating statements made by the defendant, in connection with the positive testimony of the witness.Jackson was entirely sufficient to meet the rule that one charged with perjury cannot be convicted on the evidence of one witness without strong corroborating circumstances.

The objection to that part of the court's oral charge set out is unavailing unless the portion set out is erroneous as a whole.—*Lacey v. State,* 154 Ala. 65, 45 South. 680. In the part excepted to, the sentence, "The fact, if it be a fact, that in said civil trial the defendant testified that he had paid the note in question to J. A. Jackson, goes to you as evidence in the case," is unquestionably correct. The exception taken reads: "The defendant excepted to the foregoing portion of the court's oral charge to the jury, and to each part thereof." This is an exception going only to the entire portion set out, including the part we have quoted. The court cannot consider separate parts of the charge when the assignment is made generally and "to each part thereof" without designating or distinguishing the part to which an exception is reserved.—*Kirby v. State,* 151 Ala. 66, 44 South. 38. The portion of the oral charge set out, when construed as a whole, is not erroneous on the proposition treated.

It will not be presumed, to put the court in error, that the court in other portions of the oral charge failed

[Baker v. The State.]

to state the defendant's side of the case.—See *A. G. S. R. R. Co. v. Sanders,* 145 Ala. 449, 457, 40 South. 402.

The written charges which were refused by the court are not argued or insisted upon in brief as error. They are manifestly incorrect and were properly refused.

We are not led by a careful consideration of the whole record, and the questions sought to be presented, to the conclusion that there is any reason why we should exercise our discretion against granting the motion to dismiss based on the ground that the transcript was not filed in time. The appellant has failed to file the transcript in the time required by law, and, on the submission of the motion to dismiss, offers no excuse and does not seek to justify his failure to comply with the plain statutes and rules of the court in that regard. —Code, §§ 2870, 6255; Rule 41 of the Supreme Court and Court of Appeals.

The motion is granted. Let the appeal be dismissed. —*So. Ry. Co. v. Abraham Bros., supra; Porter v. Martin, supra.*

Appeal dismissed.