# Williams *v.* The State.

### *Murder.*

(Decided November 28, 1912. Rehearing denied December 7, 1912. 60 South. 416.)

*Appeal and Error; Dismissal; Filing Transcript; Time.*—An appeal will be dismissed under sections 2870, and 6255, Code 1907, and rule 41, Supreme and Appellate Court practice, where the transcript was not filed for nearly a year after the first week of the term at which it was returnable.

APPEAL from Russell Circuit Court.

Heard before Hon. MIKE SOLLIE.

From a conviction of murder in the second degree, Savannah Williams appeals. Appeal dismissed.

GLENN & DE GRAFFENRIED, for appellant. Counsel discuss the merits of the case and cite authority in support thereof, but in view of the opinion it is not deemed necessary to set it out. Counsel insist that the appeal should not be dismissed as the same is not affected by rule 41, as the appeal is not perfected until the bill of exceptions is filed with the clerk of the court in which the trial is had.—*White v. The State,* 134 Ala. 197. For

[Williams v. The State.]

the construction of section 6255, attention is called to the case of *Ex parte Cameron,* 81 Ala. 87, and *Collier v. Coggins,* 103 Ala. 281.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State. The appellant failing to file his transcript, or to take other action in the cause, during the term to which the appeal was returnable, the appeal was discontinued and should be dismissed.—*Sou. Ry. Co. v. Abraham Bros.,* 161 Ala. 318; *Porter v. Martin,* 139 Ala. 318; *Martin Machine Works v. Miller,* 132 Ala. 629; *Winthrow & Gordon v. Woodward Co.,* 81 Ala. 100; *Sears v. Kirksey,* 81 Ala. 98; *Powell v. State,* 59 South. Rep. 328.

PELHAM, J.—The appeal in this case was taken on October 12, 1911, and was returnable to the next ensuing term of this court.—Code, § 2870. The next ensuing term was the November term, 1911, at which term the case was not docketed in this court; nor was a transcript filed here until November 9, 1912, some time after the expiration of the term to which the appeal was returnable and but two days before the commencement of the November term, 1912. Upon appellant's submission of the cause on November 21, 1912, the state, through its Attorney General, made a motion to dismiss the appeal because not perfected in the time provided by law under the rules of this court. The case is submitted on the motion to dismiss and on the merits.

The delay in filing a transcript or certificate of appeal without good excuse shown, extending across the entire term of the court to which the appeal was taken, works a discontinuance of the cause upon motion made for dismissal, based on such ground.—*Winthrow & Gordon v. Woodward Iron Co.,* 81 Ala. 100, 2 South. 92;

2 CA

*Sears v. Kirksey*, 81 Ala. 98, 2 South. 90. It will be observed that it is shown by the record to be more than a calendar year after the time this appeal was taken before a transcript was filed here, or any action taken by appellant looking to perfecting the appeal. The bill of exceptions was approved and signed on the 10th day of January, 1912, but was not filed in the office of the clerk of the circuit court until the 11th day of October, 1912, a year after the date upon which the trial was had.

"The element of time is an essential ingredient in the proper and orderly enforcement of the criminal laws." —*Powell v. State*, 5 Ala. App. 150, 59 South. 328. The appellant has flagrantly failed to comply with the statutes and rules of the court in bringing his appeal into court for a review of the ruling of the trial court without good excuse shown therefor. The motion to dismiss the appeal because of this unwarranted delay in filing the transcrpit must prevail.—Code 1907, §§ 2870, 6255; Rule 41, Court of Appeals, 2 Ala. App. vi, 56 South. vi; *Powell v. State*, 5 Ala. App. 150, 59 South. 328; *Lampley v. State, Infra*, 60 South. 415; *So. Ry. Co. v. Abraham Bros.*, 161 Ala. 317, 49 South. 801; *Porter v. Martin*, 139 Ala. 318, 35 South. 1006; *Winthrow & Gordon v. Woodward Iron Co.*, 81 Ala. 100, 2 South. 92; *Sears v. Kirksey*, 81 Ala. 98, 2 South. 90.

Appeal dismissed.