# Swain *v*. The State.

## *Murder.*

(Decided November 28, 1912. Rehearing denied January 13, 1913. 60 South. 961.)

1. *Appeal and Error; Time of Taking Appeal.*—Under section 2870, Code 1907, an appeal taken on April 27, 1912, was properly dismissed where no transcript was filed, nor certificate of appeal taken, or any other method of docketing the case or prosecuting the appeal was pursued during the term of the Court of Appeals, which adjourned on the last day of June 1912, in pursuance of section 5, Acts 1911, p. 450.

2. *Same.*—Section 2870, Code 1907, has reference by the use of the term "unless otherwise provided" to other statutes fixing the time when appeals in particular classes of cases are returnable, and does not extend the time or term to which the appeal is returnable to conform to the time allowed by statute for preparing the bill of exceptions and having the same signed.

3. *Same.*—Under section 2870, the defendant should file with the clerk of the Appellate Court a certificate of appeal, whereupon the case may be docketed and continued on a showing made that the time for making and having signed the bill of exceptions, where there is a bill of exceptions, and preparing the transcript has not expired.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

John Swain was convicted of murder in the second degree and he appeals. Appeal dismissed on motion of the Attorney General, and on application for a rehearing, which was denied, the opinion herein was written.

ACUFF & FINCH, for appellant. Counsel discuss the case on its merits, but in view of the opinion, it is not deemed necessary to here set it out. On the question of the time of taking the appeal, and of the action of the court in dismissing the same, counsel cite sections 2870, 6255, 3019, Code 1907; *Powell v. The State,* 59 South. 328.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The appeal in this case was dismissed on motion of the appellee, the state of Alabama, acting through its duly constituted officer for that purpose, the Attorney General. The motion was based on the ground that the appellant had failed to file the transcript in time, and had not taken any steps looking to a prosecution of the appeal in this court during the period the appeal was returnable here. The appellant has filed an application for rehearing, insisting that the order of dismissal entered on the Attorney General's motion was improperly made.

The transcript in this case was filed here for the first time on November 23, 1912, during the present Novem-

ber term, 1912, of the court, that commenced on the 11th day of November, 1912; and the record shows that the appeal in this case was taken on April 27, 1912. The case was returnable under the statute (Code, § 2870) to the previous term of this court that adjourned, by operation of law, on the last day of June, 1912 (act approved April 18, 1911 [Laws 1911, p. 450] § 5, 1 Ala. App. 10, 11). No transcript or certificate of appeal having been filed, or other method pursued of docketing the case or prosecuting the appeal, in this court during the term to which the appeal was returnable, legal cause for a discontinuance had occurred; and, on the timely motion of the Attorney General, duly made, to dismiss the appeal because of this discontinuance, the motion was necessarily granted, and an order to that effect followed.— *Winthrow & Gordon v. Woodward Iron Co.,* 81 Ala. 100, 2 South. 92; *Sears v. Kirksey,* 81 Ala. 98, 2 South. 90; *Powell v. State,* 5 Ala. App. 150, 59 South. 328; *Savannah Williams v. State,* 6 Ala. App. 16, 60 South. 416; *So. Ry. Co. v. Abraham Bros.,* 161 Ala. 317, 49 South. 801; *Porter v. Martin,* 139 Ala. 318, 35 South. 1006.

The appellant contends that the words used in section 2870 of the Code, "unless otherwise provided," have reference to the statutes providing for a preparation of the transcript by the clerk and the time allowed for signing a bill of exceptions, and argues that if section 2870 is not so construed, in connection with these statutes, as to extend the time or term to which the appeal is made returnable, and thereby make the provisions of this statute conform to the time allowed for preparing the transcript and having the bill of exceptions signed, the unsuccessful party, desiring to appeal, will often be prevented from exercising the right of appeal.

Section 2870 provides when appeals in all cases shall be returnable unless by the special provision of some

[Swain v. The State.]

statute, it is otherwise provided with reference to a particular class of cases, as, for example, was provided by the following section (2871) with respect to appeals from an order appointing, or refusing to appoint, a receiver. This statute, making appeals returnable at a certain time or to a certain term of the appellate court, can neither be abridged nor extended by the statutes making provision for the preparation of a transcript and allowing time for preparing, presenting, and having signed a bill of exceptions. The statute is in a different chapter of the Code from the other statutes making provision for the transcript and bill of exceptions, and it is the return time of the appeal only that is dealt with by this statute. It is the duty of the unsuccessful party, if he desires to perfect an appeal, to have it returned or docketed in the appellate court, to which the appeal has been taken, by some proper procedure or method within the time required by this statute, whether the time for presenting and having signed a bill of exceptions has or has not expired. Many appeals are taken on the record alone, without a bill of exceptions; and, in such cases, the statutes making provision for the time of presenting and having signed a bill of exceptions could have no meaning in connection with the statute providing when appeals are returnable. But whether the transcript is or is not to contain a bill, and whether the time for signing has or has not expired, the party taking the appeal must comply with the provisions of section 2870 as to the time provided for the return of the appeal to the court of review, for the right of appeal is purely the creature of statute, and the time and manner of exercising the right in a given cause, being prescribed by statute, must be strictly followed to be available to the party seeking the statutory benefits conferred.—*White v. State.* 134 Ala. 197, 32 South. 320.

[Parker v. The State.]

If the transcript is to contain a bill of exceptions, and the time allowed for signing the bill has not expired, or will not permit of the preparation of the transcript in time to comply with this statute, the party appealing is not thereby prevented from exercising his right of appeal, but, on the contrary, has only to file a certificate of the appeal; and upon this the case can be docketed and continued on proof of these facts. But unless some appropriate action (there are several methods) be taken by the unsuccessful party to bring his appeal into the appellate court within the return time provided by section 2870, then a hiatus takes place in the proceedings looking to the appeal, and a legal cause for a discontinuance occurs.

This case is brought directly within the statute and the rule by this court and the Supreme Court in the decisions above cited. The motion of the Attorney General must prevail, and the application for a rehearing is denied.

Application for rehearing overruled.