# Cudd *v.* Reynolds.

*Bill to Declare Mortgage Void Because Given as Security for Husband.*

(Decided April 16, 1914. 65 South. 41.)

1. *Appeal and Error; Perfecting; Time.*—Where the first call of the division was on April 21, and the appeal was taken April 4, the appeal was perfected and filed within the time under the provisions of section 2870, where it was submitted at the first call of that division during the following November, as the spring call for that division was held before the time for the return of the appeal.

2. *Husband and Wife; Necessary Parties; Mortgage.*—Where a married woman seeks by bill to cancel certain mortgages upon her separate real estate which appeared to secure the joint and several liabilities of herself and husband, the ground for cancellation being that they were given to secure the debt of the husband, the husband is a necessary party, for the reason that if relief be granted it would be an adjudication that the husband alone was liable for the debt.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by V. A. Reynolds against J. J. Cudd to cancel certain mortgages. Decree overruling demurrer to the bill, and respondent appeals. Reversed and remanded.

The bill alleges that complainant was seised and possessed of certain described real estate, and that on February 22, 1910, without any valuable consideration, she with her husband signed two mortgage deeds in certain sums conveying said lands to respondent, and that her husband joined in the execution of said mortgages, which were retained by respondent, and recorded in a certain book in the probate office. It is averred that said mortgage deeds are void for the reason that they were given by complainant to secure the debts of her husband, who was indebted to the said Cudd, and that she was not indebted to him in any amount. The bill also alleged the mental weakness of her husband, etc.

E. W. GODBEY, for appellant. The husband was a necessary party, and the chancellor erred in decreeing finally in his absence as a party.—*McGlathery v. Richardson,* 129 Ala. 653; 6 Cyc. 319, 322 and note; 11 Cyc. 1173; 16 Cyc. 188-190; 133 U. S. 576; 7 How. 130. The bill was otherwise defective in its allegations as to complainant's title.—31 Cyc. 86.

EMIL ALLRICHS, for appellee. The appeal was not submitted in time and should be dismissed.—§ 2870, Code 1907; *So. Ry. v. Abraham,* 161 Ala. 317; *Hanley v. Heflin,* 84 Ala. 600. The bill was sufficient in its alle-

gations and parties.—§ 4497, Code 1907, and authorities cited.

McCLELLAN, J.—The decree overruling the demurrer was rendered March 6, 1913. The appeal was taken April 4, 1913; and was returnable the first Monday beyond 20 days after April 4, 1913.—Code, § 2870. The cause was, for the first time, docketed in this court November 24, 1913, during the next term succeeding, beyond final adjournment, that in which the appeal was taken, viz., 1912-13. The spring call of the docket of the Sixth division for the term 1912-13 was April 21, 1913. It thus appears the final appeal was not returnable until after the Monday opening the call of the Sixth division, thus distinguishing this appeal from those dismissed in *Porter v. Martin,* 139 Ala. 318, 35 South. 1006, and *Southern Railway Co. v. Abraham,* 161 Ala. 317, 49 South. 801.

The appeal was submitted at the first call of the division after the date it was returnable. No prejudice to appellee appears to have resulted. The motion to dismiss the appeal is therefore overruled.

This bill is by appellee against appellant only, and seeks the cancellation of two mortgages on the wife's (appellee's) real estate, given, it is averred, to appellant to secure the debts of the husband.—Code, § 4497. Demurrer to the bill was overruled. The appeal is from that decree.

On the face of the mortgages in question a joint and several liability, for the payment of the indebtedness thereby intended to be secured, appears to have been assumed by the complainant and L. R. Reynolds, complainant's husband. L. R. Reynolds is not made a party to the bill; and the demurrer makes objection based upon this omission.

14—186

"It is a general rule, in suits for rescission or cancellation, that all persons whose rights, interests, or relations with or through the subject-matter of the suit would be affected by the cancellation or rescission should be brought before the court, so that they can be heard in their own behalf."—6 Cyc. p. 319.

The status upon which the statute (Code, § 4497) operates to avoid a mortgage given by the wife on her property is that established by the fundamental fact that the instrument secures the debt of the husband. The granting of relief to a wife in virtue of the statute requires the determination that the indebtedness involved is that of the husband, only, and that her relation thereto is as surety only. Necessarily the husband is immediately interested in the solution of the inquiry thus raised; for its adjudication in favor of the wife effects to exempt her from all liability for the debt at the suit of the mortgagee, and thus, in necessary consequence, would impose the entire liability upon the husband alone. The husband is a necessary party in such cases. See *McGlathery v. Richardson Bros.*, 129 Ala. 653, 29 South. 665; Hawes on Parties, § 28a; 16 Cyc. pp. 188-190; *Gregory v. Stetson*, 133 U. S. 579, 10 Sup. Ct. 422, 39 L. Ed. 792; *Shields v. Barrow*, 17 How. 130, 146, 15 L. Ed. 109.

While the bill does not appear to have been drawn with any very high degree of completeness and precision, its averments are sufficient to show that complainant and L. R. Reynolds were married at the time the mortgage were executed, that the land described in them was then the property of the wife, and that the indebtedness intended to be secured was not that of the wife, but was that of the husband.

Since the demurrers were erroneously overruled, and reversal of the decree must result, it is anticipated that

the bill's structure will be much improved by appropriate amendment.

The decree is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.