# Jones, *et al. v.* Higgins.

### *Assumpsit.*

#### (Decided June 19, 1914.   65 South. 681.)

*Appeal and Error; Transcript of; Filing; Time.*—Where an appeal was returnable to the term of this court which expired June 30, 1913 (section 2870, Code, 1907) and no certificate of appeal or transcript was filed until September 29, 1913, and during the time no steps had been taken to keep up the continuity of the appeal it was discontinued and was subject to be dismissed on motion.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by Guy Higgins against B. E. Jones and another. Judgment for plaintiff and defendant appeals. Submitted on motion to dismiss the appeal, motion to establish a bill of exceptions and on the merits. Appeal dismissed.

MIDDLETON, DENSON & REYNOLDS, and W. H. & J. R. THOMAS, for appellant. Counsel Discuss the merits of the case and insist that under the evidence there was no middle ground and the complainants were either entitled to all that they sued for or the defendants were entitled to a judgment. They do not discuss the motion to dismiss.

MULLINS, SMITH & GERALD, and STEINER, CRUM & WEIL, for appellee. No citation of appeal was served on appellee or his attorneys and the appeal should be dismissed. Section 2881, Code, 1907; *Frierson v. Haley,* 1 Ala. App. 576; *Williams v. Arthur,* 95 Ala. 610. The appeal should be dismissed because no transcript was filed in this court nor was the case docketed nor continued, nor was any other steps taken to perfect the appeal within the time required by law and the rules of this court.—*Nabors v. Brown,* 135 Ala. 314; *Lampley v. State,* 60 South. 415; *Williams v. State,* 60 South. 416; *Swain v. State,* 60 South. 961. Counsel discuss the establishment of a bill of exceptions, and urge their objections with citations of authority, but in view of the opinion we do not deem it necessary to here set them out.

PELHAM, J.—The case is submitted on a motion to dismiss the appeal, motion to establish a bill of exceptions, and on the merits.

The motion to dismiss is based on the ground of a discontinuance, in that it is contended that the appellant has failed to file the transcript in time, and has taken no steps looking to a prosecution of the appeal here during the period the appeal was returnable.

The record shows that the appeal was taken on the 23d day of December, 1912, and the transcript was filed in this court on the 29th day of September, 1913, and nothing was done during the interim to keep up the continuity of the appeal. The appeal is shown to have been taken during the term of this court commencing November 11, 1912, and was returnable to the first Monday of the term next after the expiration of 20 days from the date of the appeal.—Code, § 2870. The term to which the appeal was returnable expired by opera-

tion of law on June 30, 1913. The earliest call of the division to which this case belongs at which it could have been submitted without prejudice occasioned by the delay (*National Union v. Sherry,* 61 South. 944) occurred during the week commencing April 14, 1913, and no certificate of appeal or transcript was filed until after the expiration of that call, and not until September 29, 1913. Nor was the case docketed and continued on certificate during the term at which it was returnable. No steps having been taken to keep up the continuity of the appeal between the date upon which it was taken, in December, 1912, and the date the transcript was filed, September 29, 1913, legal cause for a discontinuance has intervened, and the timely motion made by the appellee based on that ground must be granted.—*So. Ry. Co. v. Abraham Bros,* 161 Ala. 317, 49 South. 801; *Porter v. Martin,* 139 Ala. 318, 35 South. 1006; *Powell v. State,* 5 Ala. App. 150, 59 South. 328; *Williams v. State,* 6 Ala. App. 16, 60 South. 416; *Swain v. State,* 7 Ala. App. 5, 60 South. 961; *Nabors v. Brown, et al.,* 175 Ala. 314, 57 South. 374.

Appeal dismissed.