# May, Adm'r, *et al. v.* Kelly, Adm'r.

### *Action on Administration Bond.*

1. *Administrator's bond; what necessary to maintain action in, by creditor of decedent.*—A creditor can not maintain an action at law on the bond of an administrator, until his debt or demand is first reduced to judgment or decree, by a court of competent jurisdiction; and such judgment, in the absence of fraud, is conclusive against the sureties, as to the existence of the debt.

2. *Same ; effect of judgment as to different sets of sureties.*—Whether or not the judgment would have that effect against sureties subsequently joining the administrator in the execution of an additional bond, is immaterial, when they do not controvert the existence of the debt, and the only purpose for which the judgment is offered, is to prove its existence, and the duty of the administrator, resulting therefrom, to apply assets coming into his hands for the satisfaction of the debt.

3. *Administrator ; additional bond of, liabilities of sureties on.*—When shortly before the execution of an additional bond, an administrator reported a sale of the lands of the intestate, and that he had received the purchase-money, and therein asking authority to make a conveyance, and the sale is confirmed, it not being shown that the money was disbursed before the execution of the additional bond, the presumption is, that the money remained in the hands of the administrator at the time of the execution of the additional bond, and the sureties thereon become responsible for its proper application.

4. *Administrator and sureties on bond ; what chargable with.*—An executor or administrator and the sureties on the official bond, are chargable with the rental value of lands of the estate, which he failed to rent, when he could have done so.

APPEAL from City Court of Selma.

Tried before HON. JON. HARALSON.

Thomas Kelly, appellees' intestate, recovered judgment against Moody H. May, as administrator *de bonis non* of Robert Carlisle, deceased, for the sum of $525. Execution issued on the judgment, to be levied of the goods and effects in May's hands to be administered, was returned, no property found; thereon, execution was issued against May to be levied *de bonis propriis*, which was returned, no property found, on the 19th day of April, 1874. In September, 1875, May had been duly required to give, and gave an additional

bond, but Robbins was not a party to it. Afterwards, in March, 1876, May was required to execute, and did execute another additional bond, upon which Robbins, and others who were not sued, became sureties. Kelly, in 1877, brought suit, alleging that Moody had wasted and maladministered the assets, &c., and withheld money which ought to have been applied to payment of execution duly issued on the judgment in May, 1876, and returned no property in November, 1876.

The cause was tried by the court by consent of the parties, without the intervention of a jury.

On the trial it was shown that May became administrator of the estate of Carlisle on the 22d of November, 1871, and gave bond on that day ; that on the 9th of December, 1873, Thomas Kelly recovered a judgment against May as administrator, and that executions issued on this judgment had been returned, " no property found ;" that on the 9th of September, 1875, May gave an additional bond, under order of Probate Court, and, on the 13th of March, 1876, May, under a like order, gave another additional bond, on which Robbins became surety.

On the 18th of January, 1876, May reported to the Probate Court of Dallas county, in which the administration was pending, that in pursuance of the power conferred on him by act of the General Assembly, approved February 26, 1872, he had sold lands belonging to his intestate, situate in Chilton county, for the sum of six hundred and fourteen dollars, that the purchase-money had been fully paid, and asked that the sale be confirmed, and that he be directed to make a deed to the purchaser. The court confirmed the sale and ordered a conveyance to the purchaser. It was not shown what disposition had been made of the purchase-money thus reported to the court. It was shown that the estate of Robert Carlisle owned certain lands in Dallas county, which would rent for over two hundred dollars a year. May had not rented the lands for the year 1876. This was all the evidence, and the court found the issues in favor of the plaintiff, and further found, that May had wasted the assets of the estate of Robert Carlisle, to an amount equal to the plaintiff's judgment, and rendered judgment against the appellants for the amount due. The rendition of this judgment is now assigned as error.

W. M. BROOKS, for appellant.

W. R. NELSON, contra.

[May v. Kelly.]

BRICKELL, C. J.—There can be no doubt, that before a creditor can maintain an action at law on the bond of an executor or administrator, he must first have established his debt or demand by the judgment or decree of a court of competent jurisdiction; nor can it be doubted that such judgment or decree against the executor or administrator, in the absence of fraud, is conclusive evidence against his sureties of the existence of the debt. The appellants admit this to be true as to the sureties on the bond, at the time the judgment or decree is rendered; but insist it is true as to them only, and not as to sureties who subsequently join the executor or administrator in the execution of an additional bond—as to such sureties, it is urged, the judgment is *res inter alios acta*. The question is not of importance in this case. There was no attack on the validity of the judgment—no denial that the plaintiff had a just demand against the intestate of the defendant, May. The judgment was introduced for no other purpose than to prove its existence—the fact of its own rendition, and the legal consequences resulting—the duty and obligation resting on the administrator to apply the assets coming to his hands, to its satisfaction. To this extent, it was admissible against all the world, strangers, as well as parties and privies.—Freeman on Judgments, § 417; *Ansley v. Carlos*, 9 Ala.; 1 Starkie on Ev. 188.

Nor is it necessary to inquire whether the sureties on an additional bond given by an administrator, are liable for the past defaults of their principal, or for such only, as occur after the execution of the bond. The evidence showed that the administrator had about two months before the execution of the bond on which the suit is founded reported to the court of probate, the sale of lands of the intestate, and that he had received the purchase-money to an amount exceeding six hundred dollars; and asked a confirmation of the sale and authority to convey to the purchaser. True, this report is silent as to the time of the payment of the purchase-money, but that is immaterial—the money must then have been in the hands of the administrator, or he was not dealing fairly with the purchaser, to whom he was bound to return it, if the sale was not confirmed; and it can not be presumed by a waste or conversion of it, he had disabled himself from performing the duty. The sale was confirmed, and after its confirmation, the money became assets, primarily, liable for the payment of debts. Unless a waste or conversion is presumed, the money must have been in his hands, when the present bond was executed; for there

was no attempt to show that it had been applied in the course of administration. Assuming as a fair inference, that the money remained in his hands, the sureties on the present bond, are bound for its just administration.

The evidence also showed that the intestate had lands in Dallas county unsold, of the probable value of fifteen hundred dollars, and of the annual rental value of two hundred and fifty or three hundred dollars. It was the duty of the administrator to have rented these lands. The statute conferred on him the power, and the power involved the duty; and for loss or damage resulting from a neglect of the duty, he and his sureties are liable.—*James v. Faulk*, 54 Ala. 184; *Pearson v. Darrington*, 32 Ala. 227. So far as is shown, without cause, he had neglected the duty for the year 1876; and for loss resulting from it, the sureties on the present bond are liable. It was a duty existing when the bond was executed, and continuing subsequently during the entire year. Adding the value of the rent, to the moneys in the hands of the administrator, and there were assets sufficient for the satisfaction of the plaintiff's judgment. The City Court so finding, rendered judgment against the appellants, and we think its judgment should be affirmed.