# White *et al. v.* Hewlett, Register. &c.

140 665
Case 2
143 376

APPEAL from the Chancery Court of Cullman.
Heard before the Hon. WM. H. SIMPSON.

GEORGE H. PARKER and JOHN C. EYSTER, for appellant.

J. B. BROWN, for appellee.

The proceedings in this case were instituted by the appellee, A. E. Hewlett, as register of the chancery court of Cullman county, filing a petition addressed to the chancellor of the chancery division in which Cullman county is located. In this petition it was alleged that the petitioner as such register in chancery had oc-

cupied a certain room in the court house of Cullman county as an office for the register in chancery since his appointment to that office, and that said room had been so occupied as the office of the register in chancery for Cullman county for a number of years, and had been used as a depository for the records of the chancery court; that prior to the filing of the petition, to-wit: on August 12, 1902, the respondents, as constituting the board of revenue of Cullman county, issued an order which was duly served upon the petitioner, directing him to vacate said room which he had theretofore occupied as the office of register in chancery, and instructing him to take possession of another room in said court house, which was to be used as the office of the register in chancery; that said room which he was directed by said order to occupy was wholly unsuitable for use as an office for register in chancery, and that if the records of said chancery court were placed in said room there would be great danger of loss to said records, and it would greatly endanger their mutilation and destruction, and the register in chancery would be inconvenienced, hindered and obstructed in the transaction of the business of his office.

The prayer of the petition was that the respondents, as members of the board of revenue, be restrained from taking any step to enforce the said order made by them, and that said order be annuled and vacated.

The respondents made a motion to dismiss the petition for want of equity, assigning several grounds therefor, and demurred to the petition, assigning several grounds.

On the submission of the cause upon the demurrers and motion to dismiss the petition for want of equity, the chancellor rendered a decree overruling said demurrers and motion. From this decree the respondents appeal, and assign the rendition thereof as error.

In this court the appellee made a motion to dismiss the appeal upon the ground that the order of the chancery court from which the appeal was prosecuted, was not such a decree as would support an appeal.

The appeal was dismissed.