# Lampley *v.* The State.

### *Violating Prohibition Law.*

(Decided June 19, 1912.  Rehearing denied December 17, 1912. 60 South. 415.)

1. *Appeal and Error; Time of Taking; Transcript.*—The provisions of section 6255, Code 1907, are not only mandatory upon the clerk of the court but mandatory upon the appellant to procure an obedience to their directions.

2. *Same; Dismissal.*—Where the clerk failed to file the transcript in time, an appeal in a criminal case, if not perfected within the time fixed by rule 41 of the Supreme and Appellate Court Practice, will be dismissed under the direct provisions of that rule, in the absence of a sufficient excuse shown by appellant. .

APPEAL from Dale Circuit Court.

Heard before Hon. MIKE SOLLIE.

[Lampley v. The State.]

Dave Lampley was convicted of violating the prohibition law, and he appeals. Appeal dismissed.

J. E. Z. RILEY, for appellant. Counsel discusses the merits of the appeal, with citation of authority, but in view of the opinion it is not deemed necessary to set them out. On the motion to dismiss the appeal counsel insists that it came too late, as it was not made within the time limited by rule 41.—*Peters v. Nolan,* 57 South. 398; *Martin Mach. Wks. v. Miller,* 136 Ala. 629; *Street v. Street,* 113 Ala. 333. The duty of the clerk to transmit a transcript does not arise until the bill of exceptions is filed with him, or until the time allowed for making the bill of exceptions and having it signed by the judge has expired.—Section 6255, Code 1907; *Ex parte Knight,* 61 Ala. 485; *Ex parte Cameron,* 81 Ala. 87. The statute is not mandatory but directory.— *Webb v. Robins,* 77 Ala. 176. Rule 41 makes it discretionary with the court, and in this instance the discretion should be exercised in favor of the appellant.—*A. G. S. v. Planters Warehouse Co.,* 153 Ala. 241.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The appeal should be dismissed because not filed with this court according to or within the terms of section 6255, Code 1907, and rule 41, as amended, of the Supreme and Appellate Court Practice.

DE GRAFFENRIED, J.—1. The defendant was tried and convicted of a violation of the prohibition law, in the circuit court of Dale county, on April 21, 1911, and on that day gave notice of an appeal to this court. His sentence was thereupon suspended by the trial court pending the appeal, and so far as the record discloses

the defendant, since that time, has been out of the custody of the sheriff on bond. The bill of exceptions in the case was signed by the presiding judge on the 15th day of July, 1911, and no explanation is given of the defendant's failure to have his transcript filed in this court within the time provided by law and the rules of this court. The record in this case was filed in this court on April 4, 1912, and on the same day seven other records from Dale county in practically the same condition, some of them presenting meritorious questions and others not, were filed in this court.

Parties to appeals, even in criminal cases, are expected to see to it—in fact, are *required* to see to it—that their appeals are perfected with reasonable dispatch. The law *commands* the clerk of a nisi prius court from which an appeal in a criminal case is taken to the Supreme Court or Court of Appeals to make out a full and accurate transcript of the record and transmit it to the clerk of the Supreme Court or Court of Appeals within *twenty* days thereafter. If time is required for signing a bill of exceptions, such transcript must be made out and forwarded within *twenty* days from the signing of the bill of exceptions, or, if such bill is not signed and filed, such transcript must be made out and forwarded within *twenty* days after the expiration of the time for signing and filing the same.—Code 1907, § 6255.

The above section of the Code was placed upon our statute books for a wise and beneficent purpose. Its nonobservance brings about unnecessary and unseemly delay in the administration of the law and frequently results in the miscarriage of justice. Its provisions are mandatory; for when the law says that a certain duty *must* be performed it does not mean that it *may* or *may not* be performed. The clerks of trial courts should therefore carry out the provisions of the above statute

and thus prevent one of the serious causes of delay in the matter of appeals in criminal cases.

2. In this case the Attorney General has spread upon the motion docket a motion to dismiss this appeal because of the failure of the appellant to observe rule 41 of the Supreme Court and of the Court of Appeals (56 South. vi). This rule is in the following language: "In all cases, either civil or criminal, of appeal to this court in vacation, except those subject to call during the first week of the term, and in all cases, civil or criminal, appealed during the term, unless the transcript is filed with the clerk of this court *not later* than the first day of the first week of the term during which the case is subject to call in this court, the appeal *shall* be dismissed at the cost of the appellant, unless good cause be shown to the court, by affidavit or affidavits, not later than the next Thursday, why said transcript was not filed within the time herein allowed. This order shall not take effect until the first day of January, 1912."

All courts must, out of necessity, have rules to guide them in the conduct of the business which is brought before them. While it is our desire to determine every appeal taken to this court upon its merits, we cannot properly do so unless the parties who see fit, by appeal, to ask for a review of their causes comply with the reasonable requirements of the above rule, or, in the way pointed out by the rule, furnish reasonable excuses for a failure to do so. In this case the above rule has been violated, and no excuse of any sort has been made by the appellant for so doing. A rule which is not enforced is, in fact, no rule. For these reasons this appeal is dismissed.

3. We direct attention to the fact that a compliance by the clerks of courts with the above section 6255 of

[Nickerson v. The State.]

the Code of 1907 will relieve this court of the unpleasant necessity of dismissing any appeal under the above-quoted rule.—*Joe Powell v. State,* 5 Ala. App. 150, 59 South. 328.

Appeal dismissed.

*Violating Prohibition Law.*

