# Upshaw *v.* The State.

## *Embezzlement.*

(Decided November 24, 1914.   66 South. 821.)

1. *Appeal and Error; Nature.*—The right of appeal is purely statutory, and hence, the statute must be looked to in determining whether the appeal was properly taken.

2. *Same; Sufficiency of Record.*—Where defendant was convicted on December 4, and judgment and sentence was immediately pronounced, and recited a stay of execution on notice of appeal, and a mere stenographic report of the evidence was presented to the trial judge and signed by him as a bill of exceptions, in which no exceptions were reserved, the bill reciting that there was no objection to the charge, and no charges were asked by either party, the oral charge not being set out, the record did not show that any question of law was reserved for review or that any statement of appeal was filed or certificate forwarded as required by rule 43 Supreme Court Practice, and hence, the jurisdiction of the appellate court did not attach, and the appeal must be dismissed.

3. *Same; Notice; Filing.*—Where a judgment of conviction was entered December 4, and defendant then gave notice of an appeal which was subject to call on April 9, following, and no certificate of appeal was filed, and the record was not filed in the appellate court until the following November, the appeal was discontinued.

4. *Courts; Rules; Effect.*—The provisions of rule 43, Sup. Ct. Pr., are not in conflict with the statute giving the right of appeal, and its adoption was within the authority of the Supreme Court.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

[Upshaw v. The State.]

Mary Upshaw was convicted of embezzlement and she appeals. Appeal dismissed.

WEBB & McALPINE, for appellant. Counsel discuss the matters assigned as error, but in view of the opinion, it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The appeal has been discontinued for a failure to comply with rule 43 Sup. Ct. Pr., and should be dismissed.

BROWN, J.—The judgment sought to be reviewed was rendered on the 4th day of December, 1913, and immediately following the sentence pronounced by the court is the following recital:

"The defendant giving notice of appeal, it is ordered and adjudged that the execution of this order be stayed until passed upon by the Court of Appeals."

On March 14, 1914, what appears to be a mere stenographic report of the evidence was presented to the trial judge for his signature, and was signed by him as a bill of exceptions on June 14, 1914. In this supposed bill of exceptions, not a single exception is reserved, and it contains the following recital:

"As there was no objection to the charge of the court, it is omitted, and no charges were asked by either the state or the defendant."

There is nothing in the record proper, nor in this bill of exceptions, showing that any question of law arising in the proceedings was reserved for review by this court, nor to show that the defendant complied with the requirements of rule of practice 43, adopted by the Supreme Court, regulating the practice of taking appeals in such cases as this, which provides:

"When a defendant has been adjudged guilty of a criminal offense in any of the courts of the state, from which judgment an appeal lies to the Supreme Court or to the Court of Appeals, and such convict desires to take an appeal under the statute of this state to the appellate court, to which an appeal may be taken from that judgment, he or his counsel *must file with the clerk of the trial court a truly dated written statement, signed by him or his counsel for him, to the effect that he appeals from the judgment against him in the case of the State of Alabama against him, giving the style of the case on the trial court docket and its docket number thereon.*"

Upon the filing of this statement of appeal, the rule imposes on the clerk of the trial court the duty to forward to the clerk of the proper appellate court, within 20 days, a proper certificate of appeal; and, upon receipt of this, the clerk of the appellate court must docket the appeal in its proper place upon the trial docket. —175 Ala. xx, 61 South. viii.

The right of appeal is purely statutory, and, while the prerequisites to its exercise in criminal cases are simple and easy of exercise, they are clearly essential to the jurisdiction of the appellate court. Under the system and practice prevailing prior to the adoption of rule 43, all that was required of the party desiring to appeal was to have the record of the trial court show that some question of law arising in the proceedings was reserved upon the record, or, if not shown by the records, to present a true bill of exceptions to the trial judge within the time prescribed by law, "stating the point, charge, opinion, or decision" wherein the trial court is supposed to have erred, "with such statement of facts as is necessary to make it intelligible"; and, this done, the jurisdiction of the appellate court attach-

ed and the right of appeal was perfected, so far as any duty imposed on the appellant was concerned. It was then the duty of the clerk of the trial court to make up and forward the record to the clerk of the appellate court, and the cause was there docketed for hearing.— *Campbell v. State,* 182 Ala. 18, 62 South. 59; *Bolling v. State,* 78 Ala. 469; *Ex parte Knight,* 61 Ala. 482.

Under this system and practice, especially since the enactment of the statute allowing the defendant 90 days to prepare and present a bill of exceptions and the trial judge 90 days within which to settle and sign it, there has existed an element of uncertainty as to the juncture fixing the computation of time when the appeal is taken, and the manifest purpose of rule 43 was to correct this lax practice and make certain the time of taking an appeal. This rule is not in conflict with the statute giving the right of appeal, and in no way impinges upon the right secured thereby. Its adoption was within the bounds of the Supreme Court's authority, and its reasonable enforcement will have a salutary effect on the disposition of the public business.—*Campbell v. State, supra; Lee v. Raiford,* 171 Ala. 124, 54 South. 543.

We therefore hold, nothing appearing in the record or in the bill of exceptions showing that any question of law was reserved for review, and no statement of appeal having been filed as required by rule of practice 43, that the jurisdiction of the court has not attached, and for this reason the appeal should be dismissed.—*White v. Hewlett,* 140 Ala. 665, 37 South. 1022; Id., 143 Ala. 374, 42 South. 78.

Furthermore, if we should treat the appeal as properly taken as of the date the judgment shows notice of appeal was given, there has been a discontinuance of the appeal. So treated, the appeal was returnable to the last term and was subject to call on the 9th of April,

1914. No certificate of appeal was filed, and the record was not filed here until November 4, 1914.—*Ex parte Williams,* 182 Ala. 34, 62 South. 63; *Cudd v. Reynolds,* 65 South. 41; *Porter v. Martin,* 139 Ala. 318, 35 South. 1006; *Swain v. State,* 7 Ala. App. 5, 60 South. 961.

The motion of the Attorney General to dismiss the appeal is granted.

Appeal dismissed.