# Rivers, et al. v. The State.

## Larceny.

(Decided June 1, 1915.   69 South. 387.)

1. *Evidence; Confession.*—Where complaining witness testified that after she lost her animal she asked one defendant if he helped the other defendant kill the yearling, defendant answering that he knew nothing about her yearling, but that he helped the other kill a cow, not knowing whether it was male or female, such answer was admissible as a confession affording an inference of guilt.

2. *Trial; Objection to Evidence; Time.*—Where defendants failed to object to a question asked a witness until after the question had been answered, they cannot assign as error the refusal of the court to later exclude it on their motion.

3. *Larceny; Title.*—Where complaining witness claimed to have acquired the cow alleged to have been stolen from one F., with whom she lived, the fact that she did not claim all of F.'s property, including his land, after his death, was not admissible to show that she did not own the cow.

.[Rivers, et al. v. The State.]

4. *Appeal and Error; Harmless Error; Evidence.*—Where the defendant answered in denial of certain conduct by him, sought to be shown on his cross-examination, any error in the allowance of the question was harmless.

5. *Same; Transcript; Jurisdiction.*—If a certificate of appeal is before the court, the court has jurisdiction to authorize a dismissal for want of prosecution, even before the transcript on appeal reaches the court, where defendant is negligent in bringing up the transcript; it also has jurisdiction to authorize issuance of certiorari to the clerk of the court below to send up the transcript, and if he fails, to authorize contempt proceedings against him.

6. *Same; Perfecting Appeal.*—Rule 43, Supreme Court Practice, is designed merely to expedite the transmission of appeals to the Appellate Court, and unless a defendant's failure to file a written request for an appeal delays getting the certificate of appeal and transcript before the appellate court, and if each is before the court as early as it would have been otherwise, or soon enough to meet the purposes of the rule, then the reason for the filing of such written request for appeal ceases, and in such case the rule itself ceases, and the appeal is properly before the court despite a failure to file a written request for the appeal; hence, where defendants were convicted and failed to comply with the rule so that the transcript failed to show written requests for an appeal, yet where they procured suspension of sentence, and a certified transcript, and the clerk's certificate to the transcript stated that defendants had appealed, the appeal was properly before the court. (Construing sections 6243, 6247, 6255 and 6264, together with Rule 43, Supreme Court Practice.)

(Brown, J., dissents.)

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Chris Rivers and another were convicted of the larceny of a cow, and they appeal. The case was submitted on a motion to establish the bill of exceptions, to dismiss the appeal, and on the merits. Bill of exceptions ordered established, motion to dismiss the appeal overruled and affirmed on the merits.

F. E. POOLE, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—This case was submitted on the motion to establish a bill of exceptions and on the merits, along

with a motion to dismiss the appeal. The motion to dismiss is predicated on the failure of appellants to comply with Supreme Court rule 43, published in the official reports of that court (175 Ala. xx, 61 South. viii,) reqiring defendants who have been adjudged guilty of crime in any of the courts of this state from which an appeal lies to this or the Supreme Court, and who desire to exercise such right of appeal, to file with the clerk of the trial court a truly dated written statement, the form and contents of which are therein prescribed.

In the record made up by the clerk of the trial court and forwarded to and filed with the clerk of this court, on which the case now stands submitted, not a single adverse ruling to the appellants is shown other than the judgment pronouncing them guilty, followed by an appropriate sentence, and no bill of exceptions was presented to the trial judge, for his signature, showing that questions of law were reserved during the trial for review by this court, but motion is here made to establish a bill of exceptions under the statute (Code, § 3022) authorizing such procedure in case a vacancy in the office of the trial judge occurs during the time for presenting such bill to him for his signature. The only entry on the record indicating a purpose on the part of defendants to take an appeal is the following recital: "Questions of law having been reserved for consideration of the Supreme Court, and the defendants having made known their desire to prosecute an appeal from the verdict and judgment of the trial court, it is considered and adjudged that the execution of the judgment and sentence herein be suspended pending such appeal."

There is no pretense that any effort was made to comply with rule 43, and no certificate of appeal was made by the clerk of the trial court and forwarded to and

[Rivers, et al. v. The State.]

filed with the clerk of the appellate court. The question therefore is: What, if anything, is necessary for a defendant who has been convicted to do if he desires to exercise the right of appeal from the judgment of conviction and have the same reviewed? In *Ex parte Knight*, 61 Ala. 482, the statutes regulating appeals, then of force in the Code of 1876, §§ 4978-4983, inclusive, were construed, some of which are here set out, as a basis for the conclusions hereafter stated: "Any question of law arising in any of the proceedings in criminal cases, tried in the circuit or city court, may be reserved by the defendant, but not by the state, for the consideration of the Supreme Court; and if the question does not distinctly appear on the record, it must be reserved by bill of exceptions, duly taken and signed by the presiding judge, as in civil cases."—Code 1876, § 4978.

"When any question of law is reserved for the consideration of the Supreme Court, it is the duty of the clerk of the court in which the case was tried to make out a full and accurate transcript of the record, attach his certificate thereto, and transmit it to the clerk of the Supreme Court, within twenty days after the adjournment of the court from which the appeal is taken."—Code 1876, § 4979.

"When such question is reserved in case of a felony, judgment must be rendered against the defendant, but the execution thereof must be suspended until the case is decided by the Supreme Court."—Code 1876, § 4980.

In misdemeanor cases, in addition to the above, provisions were made for bail pending appeal.

"In cases taken to the Supreme Court under the provisions of this chapter, no assignment of errors, nor joinder in error, is necessary; but the court must ren-

der such judgment on the record as the law demands."
—Code 1876, § 4990.

Under these statutes it was ruled that the act of taking an appeal—the jurisdictional fact upon which the power of the Supreme Court depended—was evidenced by reserving an exception on the record to a ruling of the trial court adverse to the defendant at the time the ruling was made, and if this ruling was, with respect to a part of the procedure, a record of which the law required to be kept, such as a ruling of the court on demurrer to the indictment, or plea, or on motion in arrest of judgment, the exception reserved must appear on the face of the record in the judgment entry, and, if the ruling is on matters not necessarily of the record proper, it was the duty of the defendant to have it made a part of the record of the appellate court by bill of exceptions, which he was required to prepare and present to the trial judge within the time allowed by law, truly stating the points and sufficient of the facts to make it clear to the appellate court, and showing that an exception was reserved to the ruling at the time it was made by the trial court; that no duty rested upon the clerk of the trial court to make up the transcript and furnish it to the clerk of the Supreme Court with certificate of appeal until such question was so reserved, and if such transcript was made up, certified, and furnished and filed with the clerk of the Supreme Court, the court was without jurisdiction to review the trial court; that the trial court had no authority to suspend the sentence on the mere suggestion that the defendant desired to appeal, in the absence of a showing on the record that some question of law had been properly reserved for review by the Supreme Court; and that such appeal would be dismissed.—*Ex parte Knight*, 61 Ala.

482; *Bolling v. State,* 78 Ala. 469; *Ex parte Cameron,* 81 Ala. 88; *Durrett v. State,* 133 Ala. 120, 32 South. 234; *Diggs v. State,* 77 Ala. 68; *Taylor v. State,* 112 Ala. 69, 20 South. 848; *Woodson v. State,* 170 Ala. 88, 54 South. 191; *Campbell v. State,* 182 Ala. 18, 62 South. 57; *State v. Carter,* 7 Ala. App. 2, 60 South. 941; *White v. State,* 134 Ala. 198, 32 South. 320.

In *Bolling v. State, supra,* the court, reviewing its enunciations in *Ex parte Knight, supra,* and applying them to the record in that case, said: "In the present case, the ruling, of which review is sought, arises on demurrer sustained to defendant's plea of former jeopardy. This appears of record, as it rightfully should do, and hence could not be raised by bill of exceptions. The facts shown by the record are as follows: On November 20, 1885, the state's demurrer to defendant's plea was sustained, the defendant put on trial on plea of not guilty, and a verdict of guilty rendered by the jury. The record is silent as to the reservation of any question at that time. Ten days afterwards sentence was pronounced on the defendant, and in the sentence is found the following clause: 'Questions of law having arisen in this case for the decision of the Supreme Court of Alabama, this sentence is suspended pending an appeal to said court.' This is all the record contains to found an argument on that any question of law was reserved for the consideration of this court. It is insufficient, and the case is not properly before us."

This utterance was followed by an order dismissing the appeal.

In *Ex parte Cameron, supra,* we find this utterance: "The duty of the clerk [to make up the record on appeal] does not arise unless and until the reservation of a question of law for the consideration of the Supreme

Court is apparent on the record, or made apparent by a bill of exceptions. It is not affirmatively shown that any such reservation is apparent on the record, and no bill of exceptions was taken. If it was necessary to make the reservation apparent by a bill of exceptions, it was incumbent on the defendant to prepare and tender such bill in proper time to the presiding judge. The purpose of the statute is to secure a hearing and decision on appeal without undue delay, and is in harmony with the policy which gives a preference to criminal cases in this court, and requires their speedy determination."

And in *Bolling v. State, supra,* it was held that, until an appeal was taken by the defendant as provided by the statute, the trial court had no authority to suspend the execution of the sentence, the utterance of the court on that subject being: "Still, we said that, to justify a consideration of the case without a writ of error, the record must show that a question of law was reserved, and that it was done 'at the time of the decision of the question.' Otherwise, we said, the trial court had no authority to suspend the execution of the sentence."

These statutes were carried into the Code of 1886 as sections 4508-4512, without changes, and section 4508 was carried forward into the Code of 1896 as section 4312, embodying the amendments thereof accomplished by the Acts of 1894, p. 126, which added to the section as it existed in the previous Codes the following provision: "But it is not necessary to reserve an exception to the giving or refusal of special charges asked in writing, nor to the ruling of the court upon a demurrer to an indictment or other pleading, nor to any ruling or action of the [trial] court which is required to appear of record; but in every such case an exception is presumed on appeal."

[Rivers, et al. v. The State.]

In addition to this change, a new section (4313) was incorporated into the Code, providing: "Any person convicted of a criminal offense in the circuit court, or other court from which an appeal lies  *  *  *  to the Supreme Court, may appeal from the judgment of conviction to the Supreme Court."

Sections 4312 and 4313 of the Code of 1896 were codified into the present Code without change as sections 6243 and 6244.

The effect of the amendments above quoted and the new section was to do away with the necessity of reserving an exception upon the record, the jurisdictional facts necessary to sustain an appeal under the statute before such amendment was adopted, and to give the right of appeal without prescribing any mode for its exercise, as a result of which, and in the absence of statute or rule prescribing the mode of taking an appeal, a practice has evolved of reviewing cases where the transcript was forwarded by the clerk of the trial court to the clerk of the appellate court any time within one year from the rendition of the judgment of conviction, with certificate of appeal attached thereto.—*Campbell v. State*, 182 Ala. 18, 62 South. 57; *Gains v. State*, 146 Ala. 16, 41 South. 865.

It is the office and purpose of rule 43 (175 Ala. xx, 61 South. vii) to correct this lax practice, and fix the exact time an appeal is taken (*Upshaw v. State*, 11 Ala. App. 310, 66 South. 821), and to avoid the condition foreshadowed by the Supreme Court in *Bolling v. State*, *supra*: "Any other ruling would make it the duty of the clerk to certify and transmit to this court for revision the record of every conviction in a criminal case in which there was a ruling on pleadings adverse to defend-

24—13

ant; and this irrespective of the wish of the defendant to claim an appeal."

The rule is not in conflict with any of the provisions of the statute of appeals, but is supplementary thereto, and its adoption is within the authority of the Supreme Court.—*Campbell v. State, supra; Upshaw v. State, supra.*

The fact that quickens into exercise the jurisdiction of the court to review the judgment and proceedings of the trial court under our present statute of appeals is not that some question of law has been reserved on the trial of the case for review, but that the defendant in the case has taken an appeal from the judgment of conviction.—*Gains v. State, supra; Allen v. State,* 141 Ala. 35, 37 South. 393; *Wright v. State,* 12 Ala. App. 253, 67 South. 798. And the question is, How shall this jurisdictional fact be evidenced? and rule 34 (175 Ala. xx, 61 South. viii) answers that it shall be evidenced only by the written statement of appeal, which under the requirements of rule 26 (175 Ala. xix, 61 South. vii) must if filed, be set out in the transcript. See Rules of Practice, 175 Ala. xx.

Under the practice prevailing before the adoption of the rule, the defendant was only required to make known his desire to prosecute an appeal orally, and under the rule he must make it known by filing a written statement of appeal as there prescribed.

Rules 26 and 43, in their present form, were adopted by the Supreme Court June 23, 1913, to apply to all cases tried after September 1, 1913, and if these rules are to be enforced, the effect of their adoption was to say that in cases where they are applicable the courts will recognize no other evidence that an appeal has been

[Rivers, et al. v. The State.]

taken other than the written statement filed in substantial compliance with the rule.

A striking analogy to this is found in the rules of court (Supreme Court Rule 22, Code 1907, p. 1511; Circuit Court Rule 14, Code, p. 1520), providing that no private agreement between the parties or their attorneys, not made in the presence of the court, relating to any proceeding, will be recognized by the court. These rules are salutary in effect, and have been uniformly enforced. —*Collier v. Falk*, 66 Ala. 223; *Norman v. Burns*, 67 Ala. 248; *Henley v. Chabert*, 189 Ala. 258, 65 South. 993.

A rule of court that the court itself does not enforce, but leaves compliance with it optional, ceases to be a rule.—*Lampley v. State*, 6 Ala. App. 26, 60 South. 415; *Powell v. State*, 6 Ala. App. 26, 60 South. 415; *Powell v. State*, 5 Ala. App. 153, 59 South. 328; *Thomas v. Speese*, 14 Ariz. 556, 132 Pac. 1139. And it might be added that a court that refuses to be bound by its own rules may expect others to disregard them.

The Supreme Court has shown a firm disposition to enforce its rules, as is evidenced by the following cases: *Henderson v. T. C. I. Co.*, 190 Ala. 126, 67 South. 414; *Pratt v. B. R. L. & P. Co.*, 191 Ala. 638, 68 South. 151.

In consonance with these views, I entertain the opinion:

1. That the written statement of appeal required by rule 43 to be filed is the only evidence that the courts should recognize that an appeal has been taken.

And until such statement has been filed:

2. That the trial court has no authority to suspend the sentence or admit the convict to bail.—*State ex rel. Reynolds v. Weaver, Judge*, 167 Ala. 672, 52 South. 638; *Ex parte Knight, supra; Bolling v. State, supra.*

3. That no duty rests upon the clerk of the trial court to issue a certificate of appeal or make up the transcript of the record.—*Ex parte Cameron, supra.*

4. That if an appeal is duly certified to this court and the transcript here filed without compliance with the rule, the appeal should be dismissed on motion of the Attorney General.

The other members of the court do not concur in the conclusions above stated in response to the motion to dismiss the appeal, their views on this subject being stated by THOMAS, J., and in accordance therewith the motion to dismiss the appeal must be overruled.

### ON THE MERITS.

(1, 2) The witness Martha Pouncey testified that after she lost the animal, the subject of the larceny, she had a conversation with the defendant Robert Vinters, in which the witness declared as follows: "When I ask him the question did he help Criss kill the yearling, he said: 'I don't know nothing about your yearling. I helped Criss kill a cow, but I don't know whether it was a bull or heifer.' "

The defendants did not object to the question calling for this statement, but moved to exclude it on the ground "because it is not in the nature of a confession," and the court overruled the motion. The motion was properly overruled for two reasons: (1) The statement of the witness under the circumstances afforded an inference of guilt, and was admissible as a confession.—*Snoddy v. State,* 75 Ala. 23; *William Johnson v. State, infra,* 68 South. 687; (2) A party who remains silent when a question is asked and speculates as to the answer is not entitled to have it excluded if it proves to be unfavorable.—*Long v. State,* 2 Ala. App. 96, 57 South. 62.

(3) The evidence in behalf of the state showed that the animal the subject of the larceny belonged to Martha Pouncey; that she acquired it from Frank Forward, with whom she lived, but the fact that she did not claim all his property, including his land, after his death was not relevant to show that she did not own this animal, and the ruling of the court in refusing to admit testimony of this character was not erroneous.

(4) The only answer to the question to the defendant Criss Rivers on cross-examination, eliciting testimony as to his conduct with Horace Crawford and the witness Rolona in May prior to the indictment, was a denial of such conduct; and, if allowance of the question was error, no injury is shown.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### ON MOTION TO DISMISS THE APPEAL.

THOMAS, J.—(5, 6) Our statute fixes a limitation of one year for the taking of appeals from judgments of conviction in criminal cases.—Code, § 6247. The only condition to such right of appeal, as prescribed by the statute, is that some error be apparent on the face of the record, or that some question of law be reserved by the defendant during the progress of the trial for the consideration of the reviewing court, which, if it is not such as appears from the record proper, must be reserved and presented by bill of exceptions.—Code, § 6243; Code, § 6264; *Gains v. State,* 146 Ala. 21, 41 South. 865; *Ex parte Knight,* 61 Ala. 482; *Ex parte Cameron,* 81 Ala. 88, 1 South. 20.

The appellate court has no power, of course, by rule or otherwise, to either shorten the period of limitations

fixed by the statute for taking appeals, or to prescribe conditions to the exercise of such right, either new or additional or substantially different to or from those prescribed by the statute, because the Legislature, within its prerogatives, has in the statutes cited spoken fully as to these matters, and its voice is supreme. But it, the Legislature, while it has declared in section 6244 of the Code that any person convicted of a criminal offense in the circuit court may appeal from the judgment of conviction to the Supreme Court, has nowhere spoken as to the form and manner of taking such appeal, except to say in section 6249 and 6250 of the Code that: "When any question of law is reserved [which is the statutory condition to the right of appeal, as before seen]    *    *    *    and it shall be made known to the [trial] court that the defendant desires to take an appeal to the Supreme Court, judgment must be rendered against the defendant, but the execution thereof must be suspended pending the appeal;" and the defendant allowed bail where the conviction is for a misdemeanor (Code, § 6250), or where the conviction is for a felony, if the sentence is for a term not exceeding five years (Acts 1911, p. 113).

How shall it "be made known to the (trial) court that the defendant desires to take an appeal to the Supreme Court?" The statute is silent, and, it being silent, it was entirely competent for the Supreme Court, which is invested with power to that end, to make rules, not inconsistent with the statute, prescribing the manner and form of making such matter known. The Supreme Court has so done in rule 43—the rule under consideration—which provides in effect that the desire to take an appeal shall be made known by filing with the clerk of the trial court "a truly dated written statement,

signed by him or his counsel for him, to the effect that
he appeals from the judgment against him in the case,"
etc. The object and purpose of this rule, requiring "a
truly dated written statement" and changing the ap-
proved practice heretofore existing, whereunder a de-
fendant made known his desire to take an appeal merely
by a verbal statement, was not, in our opinion, to make
a written statement a jurisdictional matter (as the opin-
ion by Judge BROWN, in discussing the motion of the
Attorney General to dismiss the appeal, seems to assert),
and thereby to foreclose the appellate court of the right
and jurisdiction to entertain the appeal unless a writ-
ten statement was filed with the clerk of the lower court
as required by the rule, nor was the purpose of the rule
to shorten the time for taking appeals, nor to prescribe
new conditions to the taking of an appeal, but the ob-
ject and purpose of the rule was merely to prevent de-
lays in the prosecution of appeals in criminal cases.

Heretofore, that is, under the old practice, long estab-
lished and recognized, a defendant who had been con-
victed, and who had in the progress of the trial reserved
question of law for the consideration of the appellate
court, and who desired to take an appeal, did so, if he
wished a suspension of sentence pending the appeal, by
verbally making his desire for an appeal known to the
trial court before its adjournment, in order that the
court, who tried the case and who knew that questions
of law had been reserved on the trial, the statutory con-
dition to the right of appeal, might enter a proper order
of suspension (*White v. State,* 134 Ala. 197, 32 South.
320), which it was powerless to do after the adjourn-
ment of the court; but if the defendant did not wish
a suspension of sentence pending the appeal, he proceed-
ed to serve, or otherwise comply with, the sentence, and

procured his appeal by making known his request for such appeal, not to the court, but merely to the clerk, either verbally or in writing, at some time within the year allowed for the taking of an appeal in the case.

In the former case, that is, where the defendant has procured a suspension of sentence, the reviewing court has heretofore regarded the taking of the appeal as dating from the date of the order of suspension, whether the request for the appeal, upon which the order of suspension was predicated, was made in writing or only orally; but in the latter case, that is, where the defendant has not procured a suspension of sentence, but has proceeded to serve his sentence, the reviewing court has heretofore regarded the taking of his appeal as dating from the time of his request to the clerk for an appeal, which time, when the record does not show the date of such request, is presumed to have been of the same date as the certificate of appeal sent up in advance of the record or incorporated in it. Section 6255 of the Code reads as follows: "When the execution of the judgment has been suspended as provided in this article, or when appeal is taken without such suspension, it is the duty of the clerk of the court in which the case was tried to make out a full and accurate transcript of the record, attach his certificate thereto, and transmit it to the clerk of the Supreme Court within twenty days thereafter; but when time is allowed for signing a bill of exceptions, such transcript must be made out and forwarded within twenty days after the expiration of the time so allowed."

The matter, therefore, which gives the court jurisdiction to entertain the appeal is, in the opinion of the writer, as has always heretofore been held, not the character of the request by which the defendant has procured

the forwarding to the reviewing court of the transcript of the record, but is such duly certified transcript itself, provided it shows some error of law on its face or the reservation on the trial of questions of law for the consideration of the reviewing court.—*Ex parte Knight, supra; Ex parte Cameron, supra;* Code, §§ 6243, 6264; *Gains v. State, supra.*

The appeal is an accomplished fact when such transcript, so showing such reservations of such questions, is before us (authorities supra), and it does not behoove us to look behind the certificate of appeal contained in the transcript to see whether the sending up of such transcript was obtained by filing a written, or by making a verbal, request for an appeal.

The defendants have procured, as a matter of fact, so the record shows, a suspension of sentence from the court below and a duly certified transcript of the record from the clerk, which has been filed here, neither of which they were entitled to procure without taking an appeal; and, in the face of these facts, and in the face of the further fact that the certificate of the clerk to the transcript, among other things, certifies that the defendant has taken an appeal, and in the face of the further fact that the record (the bill of exceptions established) shows the reservation of questions of law on the trial, then for us to say that the defendants have not taken an appeal, merely because the transcript fails to show that their request for an appeal was in writing, is to commit ourselves to a holding which will retard rather than advance the purposes of rule 43, which reads: "When a defendant has been adjudged guilty of a criminal offense in any of the courts of this state, from which judgment an appeal lies to the Supreme Court or to the Court of Appeals, and such convict desires to take an appeal under the statutes of this state to the appellate

court to which an appeal may be by him taken from that judgment, he, or his counsel, must file with the clerk of the trial court a truly dated written statement, signed by him or his counsel for him, to the effect that he appeals from the judgment against him in the case of the state of Alabama against him, giving the style of the case on the docket and its docket number thereon. Within twenty days after such statement is filed as heretofore provided, the clerk shall make out a certificate of appeal, in the form now employed in criminal cases and also recite therein the character of the offense of which defendant was convicted and whether or not the sentence has been suspended by the court; and immediately forward the same by mail to the clerk of the Supreme Court, or of the Court of Appeals, of the state, to which the appeal is, under the law, returnable. Upon the receipt of such certificate the clerk of the Supreme Court or of the Court of Appeals, as the case may be, shall docket the appeal in the proper place on the trial docket."

The object of this rule was to supplement the requirements of section 6255 of the Code, which we have hereinbefore quoted, with the view to the enforcement of diligence in the prosecution of appeals, by requiring the getting before the reviewing court within 20 days a certificate of appeal in all criminal cases. Said section 6255, as before seen, requires of the clerk the sending up, not of a certificate of appeal, but of the complete transcript within 20 days after the suspension of sentence, or, where the sentence was not suspended, within 20 days from the taking of the appeal (if, of course, taken within the year), unless the bill of exceptions had not been signed, in which latter event the clerk was required to send up the complete transcript within 20 days after the bill was signed or, if such bill is not signed, within 20 days from the expiration of the time allowed for signing.

Another statute (Code, § 3019) allows 90 days from the judgment of conviction within which to present to the trial judge a bill of exceptions for signature, and a further 90 days from such presentation within which to sign such bill, making a total of six months after conviction before it can ordinarily be said that the time for signing the bill has expired. The result was that under the requirements of section 6255 of the Code no transcript reached the reviewing court in most cases until six months after conviction (and often quite longer), for until the expiration of such six months, the time allowed for signing a bill, the clerk did not know whether there would be a bill of exceptions or not, and was required by said section 6255 to await the expiration of such time before sending up the transcript, unless the bill was sooner signed. As a consequence, until the promulgation of the rule here requiring the sending up of a certificate of appeal within 20 days, the reviewing court had no knowledge whatever during this long period of the fact that an appeal had been taken to it, and hence had before it nothing upon which to act in enforcing a prompt compliance with section 6255 as to getting the transcript before the court for final disposition of the appeal. Rule 43 was designed to relieve this condition and to get promptly before the reviewing court such knowledge of the appeal, by requiring the clerk of the lower court to send up to the reviewing court in every case of appeal a certificate of appeal within 20 days from the taking of the appeal, whether the transcript could be sent up or not at that time, so that this court could take cognizance of the appeal before the transcript reached it, and would have something before it—a certificate of appeal—upon which it could act in exacting diligence of the appellant, by dismissing, upon the certificate, his appeal for want of prosecution if through his lack of

[Rivers, et al. v. The State.]

diligence or from his fault or negligence the clerk fails to get the transcript before us at the time it should, under the rules and statutes, be before us for final submission, or so that, if it appears that it was not due to appellant's lack of diligence, fault, or negligence that the transcript is not before us as required, then something upon which to act in forcing the clerk to speedily forward the transcript. Until the transcript reaches us, we have no means, it is true, of telling whether or not we have jurisdiction to entertain the appeal, because the transcript alone can disclose whether or not questions of law were reserved on the trial, etc., the condition to our jurisdiction, but even before the transcript arrives, we have, if a certificate of appeal is before us, sufficient jurisdiction to authorize a dismissal of the appeal for want of prosecution, where defendant is negligent in getting the transcript before us, and thereby to foreclose him from bringing a new appeal, and sufficient jurisdiction to authorize the issuance of a writ of certiorari to the clerk to send up the transcript and, if he fails, then sufficient jurisdiction to authorize contempt proceedings against him.—*Lasseter v. Deas,* 9 Ala. App. 564, 63 South. 735.

That part of the rule requiring the filing of a written request with the clerk for an appeal had for its object, not the making of the writing a condition precedent to the authority of the lower court to suspend the sentence or a condition precedent to the authority of the clerk to send up the certificate or transcript, since the request itself, without the writing, is ample to support their authority to this end, but had for its object the providing of a more positive, certain, definite, and emphatic way than a verbal request for making known to the clerk the defendant's desire for an appeal, and this in the contemplation that the clerk would be more likely to act

[Rivers, et al. v. The State.]

promptly on a written request and get the certificate of appeal before the reviewing court within 20 days from the request, as further required by the rule and which is its main purpose, than if the request were merely verbal. On account of the rule, the lower court might well have declined to suspend the sentence, and, if it had done so, the clerk might well have declined to send up the certificate of appeal and the transcript, in the absence of the filing by defendant with the clerk of a written request for an appeal as required by the rule, since, though the filing of such written request is not, as said, a condition precedent to the authority of the lower court and of the clerk to act, respectively, in the particulars named, yet it is a condition precedent to the defendant's right to force them to act, either the one in suspending the sentence, or the other in sending up the certificate of appeal or the transcript.

A verbal request for an appeal will, in our opinion, since the rule, support, as it certainly did before the rule, their authority to act, and while, since the rule, they may refuse to act unless the request is in writing, yet when they do act, and the lower court suspends the sentence and the clerk sends up a certificate of appeal and the transcript, showing the reservation of questions of law, it cannot be said, we think, in view of our statutes and the uniform holdings of this and of the Supreme Court, that we have no jurisdiction to entertain the appeal. If we say, as is contended we should say in the opinion of Judge BROWN, that, because of the absence in the record of a written request for an appeal, the lower court had no authority to suspend the sentence, and the clerk no authority to send up a certificate of appeal and the transcript, and that this court has no jurisdiction to entertain the appeal, and if we dismiss, as Judge BROWN insists we should do, the appeal because

of the failure of the record to show such written request, then we would hinder rather than hasten the end and aim of rule 43—then we would use the rule to delay rather than to advance, as was its purpose, the final disposition of appeals in criminal cases; then we would allow the defendant to profit by his own derelictions— since, when we say we will regard the written request alone as the taking of an appeal, and when, in consequence, we dismiss the appeal here for a failure of defendant to file a written request for an appeal, there is nothing to prevent the defendant from later bringing an appeal, at some time within 12 months from his conviction (*Porter v. State,* 146 Ala. 36, 41 South. 421), even on the last day of the 12 months (Code, § 6247), by filing such written request with the clerk, and then and thereby forcing this court to consider, some time hence, an appeal which might long before have been finally disposed of, by affirmance or reversal, in the event we had entertained jurisdiction of it when it was first before us on the complete record, and on the certificate of appeal contained therein sent up we must presume, on the request of defendant for an appeal, who by such request had procured, not only the sending up of the record and the certificate of appeal, but a suspension of sentence from the lower court, which he has no right to enjoy without taking an appeal, but which he will enjoy longer than he should if his appeal is now dismissed and the case left in the lower court for the defendant to file his written request for appeal in the future, at any time he chooses, within 12 months from his conviction.

In the case of *Ex parte Williams,* 182 Ala. 34, 62 South. 63, decided before the promulgation of the rule, and wherein our Supreme Court was reviewing, on certiorari, the opinion of this court in *Williams v. State,* 6 Ala. App. 16, 60 South. 416, dismissing the appeal, it

is said: "At the trial, the defendant reserved questions
for review, thus paving the way to appeal. He was sen-
tenced on the 12th day of October, 1911, and at that time
sentence was suspended pending an appeal. This vested
jurisdiction in the Court of Appeals and defendant had
no duty to perform in reference to it (*Ex parte Knight,*
61 Ala. 489), except to prepare his bill of exceptions
for the exemplification of those adverse rulings not
otherwise appearing of record. The bill in this case was
prepared and presented within the time allowed by the
statute, and promptly signed by the presiding judge, but
the indorsement of the clerk shows that it did not reach
his office until nine months had elapsed. Meantime
cases from that appellate division had been twice called
for hearing in the Court of Appeals [and during that
time there was neither a certificate of appeal before that
court nor the transcript].—*Williams v. State,* 6 Ala.
App. 16, 60 South. 416. The appeal was dismissed on
motion of the Attorney General, made on November 21,
1912," which date was more than 12 months after the
appeal was taken and a few days after the transcript
and certificate of appeal was for the first time filed in
the Court of Appeals.—*Williams v. State,* 6 Ala. App.
16, 60 South. 416. This court, the Court of Appeals,
held, in dismissing the appeal, that there was a hiatus
in the appeal as the result of the failure to file the certifi-
cate of appeal or the transcript earlier, which operated
as a discontinuance (*Williams v. State,* 6 Ala. App. 16,
60 South. 416), but the Supreme Court on certiorari
(*Ex parte Williams, supra*), in the case from which we
have just quoted, impliedly declined to commit itself to
the idea of a hiatus or discontinuance of the appeal, but
on a different ground sustained this court in its act in
dismissing the appeal, saying, however, in effect that,
while no dereliction of the clerk in sending up a certifi-

cate of the appeal or the transcript in a criminal case should operate to the prejudice of a defendant, or cut off his right to have his case reviewed, unless that dereliction or delay was brought about by a lack of diligence or otherwise by defendant or his counsel, yet that it, the Supreme Court, would not reverse this court for dismissing the appeal since it would be presumed that this court acted in doing so on evidence disclosing good and sufficient reasons, of which the reviewing court was not informed.

In the case of *Campbell v. State,* 182 Ala. 18, 62 South. 57, also decided by our Supreme Court before the rule here, it appeared that the defendant was convicted on May 4, 1912, and then prayed an appeal and secured a suspension of sentence; that his bill of exceptions was duly presented to the trial judge and signed within the time allowed by law, to wit, on September 6, 1912; that the first call in the Supreme Court of the division in which defendant's case arose was on May 27, 1912 (22 days after his conviction) ; that the Supreme Court adjourned for the term by operation of law on June 30, 1912, and reconvened in November, 1912; that the first case, after reconvening, of the division in which defendant's case arose was commenced on January 13, 1913, when by noon of such day the transcript and certificate of appeal was for the first time filed. The Supreme Court, in answer to the motion of the Attorney General to dismiss the appeal, said, among other things: "Under the above facts there has been no discontinuance of defendant's case. Rule 42 provides that 'upon satisfactory excuse being shown for the delay, the court may, in its discretion, permit the transcript to be filed and the cause docketed for the first time, after the adjournment of the term to, or during which the appeal is returnable, upon such terms as the court may impose.' "

[Rivers, et al. v. The State.]

They further say that: "While the right of appeal is purely a creature of our statutes, the Legislature by adopting the above provisions of our Code [which are set out in the opinion] clearly indicates the legislative purpose that such right shall not, in any criminal case, become a mockery, but that the right shall be substantial, and that this court shall see to it that a defendant who has been convicted in a criminal case, and who has reserved a question of law for the consideration of this court, and who prays an appeal, shall be accorded the privilege of having the legal questions presented by his record properly passed upon."

In the case of *National Union v. Sherry,* 180 Ala. 629, 61 South. 944, a civil case, which too was decided by our Supreme Court before the rule here, it appeared that the appeal was taken June 3, 1912, and was therefore returnable within 20 days (Code, § 2870), to-wit, June 23, 1912; that the first call of the division in which the case originated (the Fourth Division) was June 7, 1912; that the court adjourned for the term by operation of law on June 30, 1912, and reconvened in November, 1912; that no certificate of appeal or transcript was filed until December 10, 1913, the first day of the first call, after reconvening, of the division in which the case originated. In disposing of a motion to dismiss the appeal, the Supreme Court said: "It does not follow that the appeal should be dismissed on account of this apparent delay in filing the transcript or in docketing the cause or certificate of appeal. When the reason for the rule ceases, the rule itself ceases. It could have been of no possible benefit or detriment to either party to have filed the transcript in June, 1912, on the day fixed by the statute. There was no call of any division after that date, during that term of the court, at which the case could have been submitted; and the transcript was actually filed in ample

time for a submission at the earliest call at which it could have been submitted, and the case was in fact submitted at the earliest possible time after the appeal was taken. Statutes and rules of court on this subject are intended to facilitate and expedite the business of the courts, and not to cut off nor fetter the right of appeal."

Following these decisions, rule 43, which we have under consideration, was adopted and promulgated by our Supreme Court with reference to criminal cases, and we are of opinion that this court would be flying in the teeth of the principles announced by our Supreme Court in the cases cited if we construe that rule as intending to make a written request for an appeal a condition precedent to the authority of the lower court to suspend the sentence, and a condition precedent to the authority of the clerk to send up a certificate of appeal and the transcript, and a condition precedent to the jurisdiction of this court to entertain the appeal.

If the written request is jurisdictional, then we have no right to entertain an appeal in any case where the record fails to show such request. If it is not jurisdictional, then it is discretionary with us as to whether we shall enforce the rule, and we should not exercise that discretion and dismiss the appeal for a failure of defendant to file such written request, unless it appears that his failure to do so has resulted in a delay in getting the certificate of appeal and transcript before us, which the rule was designed to prevent. If each is before us as early as it would have been if the rule had been complied with, or before us soon enough to meet the purposes of promptness which inspired the making of the rule, then the reason of the rule requiring the filing of a written request for appeal ceases, and in such case it is our opinion that the rule itself ought to and does cease.

. In the instant case, the record shows that the defendants were convicted on December 7, 1914, and that the judgment entry of that date; among other things, recites: "Questions of law having been reserved upon the . trial for the consideration of the Supreme Court, and the defendants having made known their desire to prosecute an appeal from the verdict and judgment of conviction, it is considered that the execution of the judgment and sentence be suspended pending the appeal."

On the 2d day of April, 1915, the clerk of the court made out a complete record, incorporating in it, not only a certificate of the correctness of the transcript, but a certificate of appeal, certifying thereby that (quoting) "defendant has announced his purpose of prosecuting an appeal to the Court of Appeals," which record and certificate was filed in this court before noon of Monday, April 5, 1915, which day was "the first day of the first week during which the case was subject to call in this court" (rule 41, Code, p. 1517) for the first time after the taking of the appeal. On Thursday, April 8, 1915, the day for calling the criminal cases in the division in which the case originated, the defendants' motion to establish a bill of exceptions was granted by establishing upon the agreement of counsel the bill set out in the transcript as the bill of exceptions. The case was then submitted on the merits and on the motion of the Attorney General to dismiss the appeal because the transcript failed to show a written request for the appeal. If the written request had been filed and the certificate of appeal had been sent up within 20 days from the filing of such request, as required by rule 43, it would not, in the least, have hastened the submission or disposition of the cause, as is the aim of the rule, because, since the conviction of defendant, there has been no call in this court of the division in which the case originated, un-

til this call, when the case was ready for submission and was in fact submitted on its merits, with a bill of exceptions established and in the record, showing the reservation of questions of law on the trial, and this within less than six months after defendants' conviction.

No delay whatever having been occasioned by defendants' failure to observe the rule, the appeal should not be dismissed on account of such failure.—*Ex parte Williams, supra; Campbell v. State, supra; National Union v. Sherry, supra.*

If it is dismissed because of such failure, and on the theory of Judge Brown that a written request was designed by the rule to be jurisdictional rather than, as we hold, to enforce diligence, then, as before pointed out, the very delay which, in our opinion, the rule was designed to prevent has been brought about, since, upon the dismissal, the defendants, in order to get the case back here, if the theory of Judge BROWN is to obtain, have only to file a written request with the clerk (*Porter v. State,* 146 Ala. 38, 41 South. 421) at some time within 12 months from his conviction, and we will be compelled then, 6 months or perhaps a year hence, to consider the appeal on its merits, when we could now, at the very first call of the division after defendants' conviction, have finally disposed of such appeal on its merits and have ended the suspension of sentence, either by an affirmance or by a reversal, as the questions reserved may warrant, of the judgment of conviction.

In addition to the rule and in addition to section 6255 of the Code, hereinbefore quoted, we have also section 2870 of the Code, pertaining to the subject of diligence in the prosecution of appeals, and which provides that: "Unless otherwise provided, an appeal to the Supreme Court, if taken in vacation, is returnable to the next ensuing term, but if taken during term must be made

returnable to the first Monday next after the expiration of twenty days from the appeal."

Prior to the adoption of the rule, this court in construing the latter section (2870) held that unless the transcript, or, in the event it could not at the time be made up on account of the bill of exceptions not being signed, then unless a certificate of appeal, was filed in this court by the time at least of the first call of the division in which the case originated, provided that call was had 20 days or more after the appeal was taken, there was a hiatus in the appeal which would afford cause for discontinuance.—*Swain v. State,* 7 Ala. App. 5, 60 South. 961; *Williams v. State,* 6 Ala. App. 16, 60 South. 416.

Our Supreme Court, in reviewing on certiorari the last-mentioned case, to which decision we have before alluded (*Ex parte Williams,* 182 Ala. 34, 62 South. 63), impliedly declined, as before pointed out, to commit themselves to the doctrine of "hiatus and cause for discontinuance," but held, as we have before stated, that an appeal might be dismissed for negligence on the part of defendant or his counsel in failing to do those things affecting diligence in the prosecution of the appeal, which the law requires. Since that decision, our Supreme Court have passed and promulgated the rule under consideration, which expressly applies to criminal cases; and under this rule we shall hold, until further light is given us by our Supreme Court as to its purpose and object in making the rule, that when either the transcript or a certificate of appeal is filed at or before the first call of the division in which the case originated, although more than 20 days have elapsed since the taking of the appeal, as is the case here, the rule has been substantially complied with, even though the defendant failed to file the written request with the clerk as re-

quired by the rule, but that where no transcript or certificate of appeal is filed until after the first call, provided that call is had more than 20 days after the appeal was taken, the rule has not been substantially complied with, and that if it appears from the transcript, when subsequently filed, that the defendant failed to file with the clerk the written request as required by the rule, it will be presumed by this court, until the contrary is shown, that the clerk's delay in getting before us the certificate of appeal or transcript, as the case may be, was due to defendant's negligence and lack of diligence in failing to file the written request as required by the rule, and the appeal will consequently be dismissed for such negligence.—*Ex parte Williams, supra.*

The statements made in *Upshaw v. State,* 11 Ala. App. 310, 66 South. 821, are modified to conform to our present holdings as herein expressed.

PELHAM, P. J., concurring.