(116 So. 907)

## Ex parte MANCIL. (4 Div. 390.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Denied Jan. 31, 1928. Writ Granted on Mandate May 15, 1928.

See, also, post, p. 681, 112 So. 923.

Brassell & Brassell, of Montgomery, for petitioner.

W. L. Parks, of Troy, for respondent.

SAMFORD, J. Petitioner was convicted in the circuit court of Pike county on a charge of felony and was given an indeterminate sentence of from 3 to 4 years in the State Penitentiary. At the time of sentence "notice of appeal was given," but the court refused to suspend the judgment pending the appeal because no exceptions were reserved. This petition is brought to compel Hon. W. L. Parks, judge of the circuit, who imposed the sentence, to suspend the judgment pending the appeal.

It nowhere appears, either in the petition or exhibits thereto, that questions of law were reserved on the trial of the case, nor is it alleged that any such questions will appear in this record when it is completed and presented to this court.

We do not in this opinion discuss the rights of a defendant under a writ of error, as is provided for under section 3252 et seq. of the Code of 1923. This right, as it relates to appeals in criminal cases, is discussed at length in Ex parte Knight, 61 Ala. 482, and White v. State, 134 Ala. 197, 32 So. 320. What we are here concerned with is the right of a defendant, under sections 3234, 3236, 3237, and 3241 of the Code of 1923, giving the right of appeal in criminal cases and the suspension of sentence and allowance of bail in certain cases.

■ The foregoing statutes appear first in the Code of 1852, and have been several times amended and brought forward into subsequent Codes, as is pointed out and discussed in Rivers v. State, 13 Ala. App. 362, 69 So. 387. In that case it is shown that, "Questions of law * * * reserved * * * in case of a felony," etc., included not alone reservation by bill of exceptions prepared and signed as required by law, but also those rulings of the trial court necessarily appearing in the record, such as rulings on demurrer, refused charges, and on motions in writing not required to be incorporated in the bill of exceptions. But no-

where have the statutes been so amended as to give this court jurisdiction to consider the appeal unless there is some error of law arising on the face of the record or the reservation of questions of law on the trial for the consideration of the reviewing court. Rivers v. State, 13 Ala. App. 362, 69 So. 387; Ex parte Knight, 61 Ala. 482.

In the leading case on the question under consideration here, it is pointed out that the power of the trial court to suspend, and the right of the prisoner to demand a suspension, depends on the fact which must appear of record, when the order of suspension is made—that the defendant has reserved a question of law for consideration by the appellate court. The opinion adds:

"Unless this fact clearly appears, the court cannot grant the suspension." Ex parte Knight, 61 Ala. 482.

The above-cited case has been several times cited and reaffirmed, and the conclusions there reached have never been questioned. The statutes, as amended, and as they now stand, allow suspension of judgment and bail pending appeal only:

"When any question of law is reserved in case of a felony, and it shall be made known," etc. Code 1923, § 3241.

This is a sine qua non to the power of the trial court to suspend judgment and allow bail.

The respondent's demurrer is sustained, and the writ is denied.

PER CURIAM. Writ granted on authority of Ex parte Mancil, 217 Ala. 486, 116 So. 908.